[Crim. No. 13196. Second Dist., Div. Two. July 16, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. HAROLD RICHARD CLARK et al., Defendants and Appellants.

Lawrence & Lister and Ivan E. Lawrence for Defendants and Appellants.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Rose-Marie Gruenwald, Deputy Attorney General, for Plaintiff and Respondent.

FLEMING, J.—Appellants were convicted of attempted grand theft and of forgery (three counts), and given misdemeanor sentences. They contend they have been twice put in jeopardy.

In May 1966 a complaint charged Stoker with attempted grand theft and forgery, and Clark with attempted grand theft, grand theft, and forgery. Prior to appellants' arraignment in municipal court the district attorney told defense counsel that on a plea of guilty to one count of forgery, he would move to dismiss the remaining counts of the complaint. Thereafter each appellant pleaded guilty to one count of forgery. The court asked each appellant if he understood the charge against him; if he had discussed his plea with his attorney; if his plea of guilty was freely and voluntarily made without inducements or promises; and if he were pleading guilty because in truth and in fact he was guilty and for no other reason. After receiving affirmative answers to these questions, the court dismissed the remaining counts and certified the case to the superior court for probation and sentence.

At appellants' first appearance in superior court on 31 May, Judge Alarcon expressed concern about statements of appellants in the probation reports which "cast[s] some shadow as to whether they had the intent to enter a plea of guilty." The matter was continued to 16 June. On that date the court asked each appellant if, in performing the act which formed the basis for the charge to which he had pleaded guilty, he had intended to cheat anybody. Each appellant replied he had not. Judge Alarcon then declared, "I can't accept this, Counsel. Defendants indicate to me they are innocent." Judge Alarcon referred the case back to the municipal court and suggested that defense counsel withdraw the pleas of guilty, "or if you refuse to enter such a motion, then I think in the interests of justice I would have to do so."

On 22 June, a second complaint, substantially identical with the first, was filed in municipal court, and on the follow-

ing day the first complaint was dismissed. A preliminary hearing was held 12 and 13 July, and thereafter an information was filed and appellants were arraigned in superior court before Judge Alarcon. Appellants pleaded not guilty to all counts. In September appellants stood trial before Judge Roberts on their pleas of not guilty, and at the conclusion of a three-day trial they were convicted on four counts, one of attempted grand theft and three of forgery.

 Appellants contend that a plea of guilty, once accepted and entered on a court's records, bars a subsequent prosecution for the same offense. Respondent argues that the superior court's action in refusing to accept the original pleas was properly taken in the interest of justice and was authorized by statute.

1. It is, of course, true that a guilty plea is equivalent to a conviction, and, if allowed to stand, bars a subsequent prosecution for the same offense. (Pen. Code, § 1023; *People* .v. *Goldstein,* 32 Cal. 432.) But appellants' argument of double jeopardy has no relevance to counts I, III, and IV, which contain the charges dismissed by the municipal court on the initial entry of pleas to the charge in count II. Section 1387, Penal Code, provides that dismissal of a felony action is no ·bar to reprosecution for the same offense. The charges dismissed in the first complaint were felonies, and to these charges appellants never pleaded. On the refiling of these charges appellants pleaded not guilty. No element of double jeopardy was involved in their subsequent trial and conviction. (See Pen. Code, § 954; *People* v. *Tideman,* 57 Cal.2d 574, 581-583 [21 Cal.Rptr. 207, 370 P.2d 1007].)

2. To the offense charged in count II appellants originally entered pleas of guilty in the municipal court, but on their subsequent appearance in the superior court their pleas were in effect vacated by Judge Alarcon. Appellants contend that, absent motions from them for a substitution of pleas, Judge Alarcon lacked authority to set aside their pleas on his own motion. We reject this argument for two reasons:

(1) Every court has inherent power to prevent abuse of its process and to conform its procedures to the fundamentals of due process. The continued acceptance by the court of a guilty plea in the face of a defendant's suggestion that in fact he is not guilty runs contrary to all basic conceptions of justice under law. Whenever the superior court has reason to suspect that a defendant has pleaded guilty to a felony as a matter of expediency we think the court has inherent power to set aside the plea on its own initiative prior to the entry of

judgment. In our view double jeopardy no more follows the vacation of an erroneously accepted plea than it docs an instance of mistaken identity, incompetency, corruption, or mistrial.

(2) In doing what it did the court acted in substantial compliance with the provisions of section 1018 of the Penal Code: ''Unless otherwise provided by law every plea must be put in by the defendant himself in open court . . . On application of the defendant any time before judgment the court may, and in the case of a defendant who appeared without counsel at the time of the plea the court must, for good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted. . . . This section shall be liberally construed to effect these objects and to promote justice.'' In this section a basic characteristic of criminal procedure appears: the defendant himself, not counsel, is responsible for the entry of his plea. From this it follows that the defendant himself is the most appropriate person to apply for permission to withdraw a plea and put in another. In view of this emphasis in criminal pleading on the personal responsibility of the defendant, it seems to us that when appellants told Judge Alarcon they had no intention to cheat anybody, in effect they notified him they did not consider themselves guilty of the charge to which they had previously entered pleas of guilty. We think Judge Alarcon was justified in interpreting their statements in open court as implicit requests to withdraw their pleas of guilty and enter pleas of not guilty. In ordering the entry of not guilty pleas Judge Alarcon in effect acted favorably on their requests.

The appropriateness of the court's ruling was demonstrated by later events. On the filing of the information appellants pleaded not guilty to all charges, pleas which they thereafter maintained and on which they stood trial. If in fact appellants thought of themselves as guilty and genuinely desired to enter guilty pleas, they could have done so any time before trial. Normally, a prosecutor initially willing to accept a plea of guilty to one count will display the same willingness at a later stage of the proceedings. The plea of guilty, however, involves an admission of each clement of the offense charged, an admission which appellants were apparently not willing to make. When they stood trial on the merits appellants clearly displayed a continued belief in their own innocence, a belief wholly inconsistent with their initial entry of pleas of guilty to one count. Indeed, had the court failed to take steps to

vacate the original pleas, appellants might later have argued with some justification that the court neglected its basic duty to protect the rights of the accused at all stages of the prosecution. What the case boils down to is that appellants gambled on a favorable verdict, and lost.

The judgments are affirmed.

Roth, P. J., and Nutter, J. pro tem.,* concurred.

---

* Assigned by the Chairman of the Judicial Council.