[Civ. No. 16231. Third Dist. Dec. 8, 1976.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO
COUNTY et al., Respondents;
WILLIAM DAVID BARKE, Real Party in Interest.

## COUNSEL

Evelle J. Younger, Attorney General, W. E. McCamy, Deputy Attorney General, John M. Price, District Attorney, and Arjuna Saraydarian, Deputy District Attorney, for Petitioner.

No appearance for Respondents.

D. Thomas Woodruff for Real Party in Interest.

## OPINION

**REGAN, J.**—The People of the State of California petition this court for writ of mandate and/or prohibition directed to respondent municipal and superior courts to require that they proceed as required by law upon a nolo contendere plea as originally entered by William Barke, real party in interest.

A felony complaint was filed on January 27, 1976, in respondent municipal court charging William Barke with three counts of various sex acts with his daughter, a child under 14 years of age. (Pen. Code, §§ 285, 288 and 288a.) On April 2, 1976, defendant Barke appeared with counsel before a judge of the municipal court sitting as a magistrate, a plea bargain ensued and Barke pleaded nolo contendere to the charge of violation of Penal Code section 288 in exchange for dismissal on motion by the People of two counts charging violations of Penal Code sections 285 and 288a. The *Boykin-Tahl*[1] requirements were met and no contrary contention is made before this court. The plea bargain included a promise to defendant that he would not be sent to prison as part of the original disposition. It was explained to him his plea carried a requirement of registration as a sex offender and that he might be certified for determination as to whether or not he was a mentally disordered sex offender. Defendant was informed that a nolo contendere plea was the same as a guilty plea for purposes of the criminal law. Defendant understood these matters as explained. The case was thereupon certified to the respondent superior court for further proceedings.

Defendant appeared with counsel before the superior court on the designated date, April 9, 1976, and the matter was routinely referred by the court to the probation office for "pre-sentence investigation and report;" returnable on April 30, 1976, to which date "pronouncement of judgment and sentence" was continued. On April 30, 1976, the court having received and read the probation report and defendant having waived formal arraignment, the report was filed and the court adjourned criminal proceedings and invoked Welfare and Institutions Code section 6300 et seq., as recommended in the probation officer's report. The court appointed two psychiatrists to examine defendant. Both doctors reported that defendant was, in their opinion, a mentally disordered sex offender who would benefit from treatment in an institution.

After filing of the doctors' reports, defendant appeared for further hearing before the superior court on May 21, 1976. From its reading of the probation report and the doctors' reports the court announced that it had determined that it would not accept the plea bargain and would return the case to the municipal court for a preliminary hearing. The court reasoned that since defendant had denied to the probation officer and to the psychiatrists that he committed any sexual offenses upon his

---

[1]*Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].

daughter, and since these reports reflected that the daughter claimed her grandfather as well as her father had at times committed sex acts upon her, "this case is far from ready for judgment and sentence." The court stated that the daughter and the grandfather should be witnesses at a preliminary hearing and suggested a psychiatric examination of the victim. The superior court further indicated it believed that somebody was lying and defendant Barke had pleaded nolo contendere to spare his family the embarrassment of a trial and "to prevent the scandal to the family and so on." The defendant was not questioned by the superior court, he did not assert his innocence to the court himself or through his counsel, nor did he then request to withdraw his plea.

The case having been returned to the municipal court, defendant and his counsel appeared again before that court on June 2, 1976. Defendant moved to withdraw his plea and to compel a psychiatric examination of the girl. In support of the motion, counsel related what had occurred in superior court. Neither the defendant nor his counsel asserted his innocence. No sworn testimony was offered. When the municipal court ascertained that the reason for the superior court rejecting the plea and returning the case to the municipal court was essentially that the superior court believed that either the girl or the father was lying (based on probation and psychiatrists' reports), the municipal court denied both motions, refused to set a preliminary hearing and recertified the case to the superior court on the original nolo contendere plea. ■ This was not an abuse of discretion, since no showing of "good cause" to withdraw the plea was made before the municipal court. (See Pen. Code, § 1018 and discussion thereof, *infra.*)

Defendant Barke again appeared before the superior court on June 9 and June 15, 1976. During the June 9 proceedings the court stated that it was concerned that defendant was not guilty and "that his plea of no contest was entered to avoid publicity and embarrassment to his family, and so on, and that's a pretty foolish reason for entering a plea of guilty when you can spend the rest of your life confined in the State Hospital." The prosecutor pointed out that the plea was accepted and entered only after the municipal court inquired of defendant in the usual manner if the plea was entered for no other reason than that he was guilty and defendant had answered in the affirmative. The superior court replied that it was bound by no plea bargain and *at that point* took the position it was rejecting the plea bargain and would not accept the agreement of no prison sentence which was part of the plea bargain. However, by

reiterating comments as to its belief that the daughter might be lying and the father might be trying to save family embarrassment, the court made it plain that its reasons for again rejecting the plea bargain were not actually related to sentencing problems, but rather to the court's doubt of guilt of defendant. The case was again referred to the municipal court, and a motion to withdraw the no contest plea and substitute a not guilty plea filed by defendant *that day* in the superior court was taken under submission.

On June 18, 1976, defendant was before the municipal court for the third time. Neither he nor his counsel asserted innocence, but made a motion to withdraw the no contest plea. At that time the municipal court granted the motion for the reason that the superior court "has refused to accept the plea bargain . . . ." All three original charges were reinstated against defendant and the matter was set for preliminary hearing. ■ Granting the motion for the reason stated (that the superior court refused to accept the plea) and setting the matter for preliminary hearing was an abuse of the magistrate's discretion, since no clear and convincing evidence of a proper ground for plea withdrawal was presented. (See Pen. Code, § 1018, and discussion thereof, *infra.*)

Penal Code section 859a provides in pertinent part that upon a plea of guilty or nolo contendere to a felony charge, the magistrate in the municipal court shall certify the case to the superior court where proceedings shall be had as if defendant had so pleaded in the superior court. Penal Code section 1018 provides in pertinent part that on application of a defendant at any time before judgment, the court may for good cause shown, permit the plea of guilty[2] to be withdrawn and a plea of not guilty substituted. However, section 859a requires that a written motion to withdraw a plea under section 1018 be heard and determined by the court before which the plea was entered. Sections 859a and 1018 are concerned with proceedings before trial. Section 1192.5 of the Penal Code, on the other hand, has to do with judgment and sentencing. This section is the statutory recognition and approval of the plea bargaining system and provides the guidelines for the negotiated plea with particular reference to the fixing of punishment. (See *People* v. *West* (1970) 3 Cal.3d 595, 607-608 [91 Cal.Rptr. 385, 477 P.2d 409].) Insofar as pertinent to this appeal, section 1192.5 provides that a bargained guilty plea which specifies punishment is subject to approval

---

[2]A plea of nolo contendere is the legal equivalent of a guilty plea for purposes of the criminal law. (Pen. Code, § 1016.)

by both the district attorney and the court and if not so approved shall be withdrawn. It also provides that the sentencing court has power to withdraw its prior approval of such plea bargain upon further consideration before sentencing. None of the foregoing statutory provisions as we view them supplies express authority to the superior court to refuse to accept a bargained plea where as here the plea is entered before a magistrate, the superior court's disagreement is with the plea itself and not the bargain, and the defendant has not moved to withdraw the plea.

The courts have consistently held that to permit a withdrawal of a plea under Penal Code section 1018 there must be a strong showing by defendant of good cause by "clear and convincing evidence" of a proper ground. (See, e.g., *People* v. *Griffin* (1950) 100 Cal.App.2d 546, 548 [224 P.2d 47].) An attempt to set aside a plea without such evidence under section 1018 is an abuse of discretion. (*People* v. *Caruso* (1959) 174 Cal.App.2d 624, 634 [345 P.2d 282]; *In re Brown* (1973) 9 Cal.3d 679, 685 [108 Cal.Rptr. 801, 511 P.2d 1153].) From our foregoing recitation of the circumstances under which the superior court refused to proceed under the plea, there was no clear and convincing evidence for refusal so to proceed. In fact, there was no evidence at all. There was only the defendant's hearsay assertion to the probation officer and the psychiatrists that he had not committed any sex acts with his daughter.

There remains to be considered the question of whether or not the superior court acted lawfully and properly within its discretion under its "inherent" power to prevent abuse of its process to prevent injustice. In *People* v. *Clark* (1968) 264 Cal.App.2d 44 [70 Cal.Rptr. 324], where a superior court refused to accept a guilty plea to felony in a municipal court, the refusal was upheld on grounds that "[e]very court has inherent power to prevent abuse of its process and to conform its procedures to the fundamentals of due process," and also that the superior court acted in "substantial compliance with section 1018 of the Penal Code." (*Id.,* at pp. 46-47.) In *Clark, supra,* defendants were charged with attempted grand theft and forgery. At the municipal court arraignment the district attorney offered to accept a guilty plea to forgery and dismiss the other charges. Defendants, after full inquiry by the judge, were allowed to change their pleas to guilty of forgery, and the magistrate dismissed the remaining counts and certified the case to the superior court for probation hearing and sentence. The superior court judge, concerned about statements in the probation reports, asked defendants whether they had intended to cheat anybody, and they answered that they had

not. He thereupon declared that, since they claimed innocence, he could not accept the guilty plea; and referred the case back to the municipal court with the suggestion that defense counsel withdraw it. In the municipal court a new complaint was filed substantially identical with the first (which was dismissed). A preliminary hearing was had, and an information was filed. Defendants pleaded not guilty to all counts, and were convicted on one count of attempted grand theft and three of forgery. The appellate court affirmed. It reasoned that a court can prevent abuse of its processes, and continued acceptance of a guilty plea in the face of a defendant's suggestion that in fact he is not guilty is contrary to basic concepts of justice. The court stated that whenever the superior court has reason to suspect a defendant has pleaded guilty to a felony as a matter of expediency the court has inherent power to set aside the plea on its own initiative prior to the entry of judgment. (*Id.*, at p. 46.) The court emphasized that when the defendants told the superior court judge that they had no intention to cheat they in effect notified him they were innocent and themselves implicitly requested that the court permit withdrawal of their guilty plea, all in "substantial compliance" with Penal Code section 1018. (*Id.*, at p. 47.)

In contrast with the *Clark* case is the later case of *People* v. *Thompson* (1970) 10 Cal.App.3d 129 [88 Cal.Rptr. 753]. In *Thompson,* defendant pleaded guilty to one count of a three-count information charging separate acts of grand theft (automobile). At the hearing to determine the sentence and disposition of the remaining counts, the trial judge said that, " '. . . as far as I'm concerned—I will use the vernacular—it smells. This is what I call a typical case of—I'm just stating my opinion—this is a typical case of what I call the unholy condonation of "legalized" receivers of stolen property. . . .' " (*Id.*, at p. 133.) The judge then set aside the guilty plea on his own motion, and the People sought relief by direct appeal and by petition for mandamus. Mandamus was granted to annul the order setting aside the guilty plea. The appellate court distinguished the *Clark* case in a significant way by emphasizing that in *Clark* the superior court's refusal to accept the guilty pleas was in response to the implicit request of defendants whereas in *Thompson* the superior court acted "strictly on its own" based on a statement in the probation report that the defendant felt he was "framed" and that deep down in his heart he was innocent. (*Id.*, at p. 134.)

We hold that the superior court abused its discretion in refusing, on grounds of innocence, to accept the nolo contendere plea entered

before the magistrate by defendant while represented by counsel where defendant had not first requested and been permitted to return to the magistrate's court to move to withdraw his plea. After remand and denial by the magistrate of a motion to withdraw if, on recertification, the superior court remains disposed to reject the plea on grounds of innocence, the court may do so in the exercise of its inherent power to prevent injustice if that power is exercised in substantial compliance with Penal Code section 1018. (*In re Brown, supra; People* v. *Griffin, supra; People* v. *Caruso, supra.*)

What was said in *People* v. *Thompson, supra,* 10 Cal.App.3d at page 137, in equally applicable here. "The case is one of importance to the entire judicial scheme wherein courts receive guilty pleas from defendants. A court does not have unlimited power to either refuse to accept, or to vacate, a guilty plea. Issuance of mandate in this case will not require further trial nor retrial as to . . . the [charge]. Certainly it will not violate any known policy consideration nor will it provide harassment to the defendant." (Cf. *People* v. *Superior Court (Levy)* 18 Cal.3d 248 [133 Cal.Rptr. 624, 555 P.2d 633].)

Let a peremptory writ of mandate issue commanding the municipal court (a) to annul its order granting defendant's motion to withdraw his nolo contendere plea; (b) to reinstate the negotiated nolo contendere plea with its concomitant plea bargain; (c) to vacate the setting of a preliminary hearing; and (d) subject to defendant's right to make an appropriate motion to withdraw his plea if he so desires, to certify this case to the superior court for proceedings on the nolo contendere plea. Let such writ also direct the superior court to proceed upon the nolo contendere plea of defendant pursuant to law and in light of this decision.

Puglia, P. J., and Reynoso, J., concurred.