[Civ. No. 21452. Third Dist. Dec. 21, 1982.]

DONALD EVERETT CRONK, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE SACRAMENTO
JUDICIAL DISTRICT OF SACRAMENTO COUNTY,
Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Richard Phillips, Deputy State Public Defender, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Eddie Keller and Janice Rogers Brown, Deputy Attorneys General, for Real Party in Interest and Respondent.

OPINION

**PUGLIA, P. J.**—This is an appeal from a judgment of the superior court denying a petition for writ of mandate to compel a magistrate to accept a plea of guilty to a felony complaint. We shall affirm.

A felony complaint was filed in respondent municipal court on March 9, 1981, charging petitioner Donald Cronk (hereafter defendant) with the murder of one James Milton Allen (Pen. Code, § 187). The complaint did not specify the degree of the murder. An arrest warrant was issued at the same time but not served on defendant until July 17, 1981, following defendant's extradition to California from the State of Idaho. Defendant appeared before a magistrate of respondent court on July 17, 1981. Counsel was appointed and the case was continued for arraignment and plea to July 24, 1981. On July 20, without notice

to the district attorney, defendant's counsel made an ex parte request that the matter be advanced to July 21, 1981. Counsel stated to the court it was "rather important" that this be done but gave no reasons why. The matter was so advanced.

Defendant appeared with counsel July 21 and offered to plead guilty as charged in the complaint. The prosecutor moved to dismiss, representing that since the complaint was filed, the People had developed additional evidence warranting the filing of special circumstances (Pen. Code, § 190.2).[1] The prosecutor stated that he was not aware until earlier that very day that defendant had been returned from out of state and was in local custody. To the magistrate's inquiry why he did not file an amended complaint rather than move to dismiss, the prosecutor stated: "Well, your Honor, as I understand it Mr. Hursh [defense counsel] wants to plea [sic] guilty this morning. And unless the Court were to allow us, we would prefer to file an amended complaint, but if the Court were to entertain this plea this morning, there would be no other recourse but the district attorney to dismiss. We would prefer to have the Court put it over just one day, so we can file the amended complaint alleging the special circumstances." The magistrate continued the matter to July 22 for entry of plea and filing of an amended complaint. Later on July 21 the prosecutor filed an amended complaint including a charge of first degree murder with special circumstances. To date no plea has been entered.

No doubt, as the trial court observed in denying defendant's writ petition, "the logical inference of the motivation of defense counsel was to permit his client to enter a plea before the District Attorney could amend to allege special circumstances. Defendant desired to eliminate the possibility of a death penalty by the plea." (See, e.g., *Kellett* v. *Superior Court* (1966) 63 Cal.2d 822, 828 [48 Cal.Rptr. 366, 409 P.2d 206].)

Throughout the course of these proceedings, defendant has insisted that, pursuant to Penal Code section 859a, subdivision (a), the magistrate was mandated to accept his plea offered on July 21 and was without authority to refuse to accept the plea and continue the matter to allow filing of an amended complaint.

---

[1]The prosecutor explained to the court: "This should be a special circumstance case. When the warrant was issued originally against Mr. Cronk, we had insufficient evidence to file a special circumstances case. There are three people who are all mutually charged with murder and accessory after the fact regarding the death of Mr. Allen. And our office doesn't file that charge until we have sufficient evidence, and we are able to review all of the evidence. Since the warrant was issued one of the defendants, who is now in Superior Court, his wife has agreed to testify and has come forward and did testify in the preliminary hearing against Mr. Myer. And so, we intend to file a new complaint charging this man with special circumstance, and we would move to dismiss the current complaint against him."

■ Penal Code section 859a, subdivision (a), reads in pertinent part: "If the public offense charged is a felony not punishable with death, the magistrate shall immediately upon the appearance of counsel for the defendant read the complaint to the defendant and ask him whether he pleads guilty or not guilty to the offense charged therein and to a previous conviction or convictions of crime if charged; thereupon, or at any time thereafter, while the charge remains pending before the magistrate and when his counsel is present, the defendant may plead guilty to the offense charged, . . . ."

After a review of the record and relevant authority, we adopt in part the opinion of Judge Marler which correctly disposed of defendant's writ petition from the denial of which this appeal is taken.

"Though Penal Code section 859a [subdivision] (a) appears with a reasonable construction to be mandatory, there are certain exceptions to this mandatory language. . . . If the defense, without notice to the other side, accelerated a hearing date so as to cut off a legitimate right to amend [see Pen. Code, § 1009], the magistrate has the inherent power to restore that right to the prosecution by refusing to accept the plea and granting a short continuance. . . . [I]f, prior to July 21, the prosecution had proffered an amendment to allege special circumstances, the proffer would be timely [Pen. Code, § 1009]. Whether or not prior to July 24, the original date for plea, the prosecution would have offered such an amendment to allege a special circumstance is speculative. However, it is not important to attempt to clarify that speculation to determine the outcome of this case. It is sufficient to say that it removed the ability of the prosecution, after it was entitled to rely upon a plea date of July 24, to make the amendment. This is not to say that the defendant or defendant's counsel moved in bad faith, or that the prosecution is even entitled to notice of date of arraignment. However, when a specific date has been set for arraignment, the prosecution, as well as the defense, is entitled to rely upon that date and is entitled to a continuance to amend, if, without notice, the hearing date is changed.

"The purpose of Section 859a [subdivision] (a) is to allow a speedy process for defendants and eliminate unnecessary procedural niceties to allow the efficient disposition of criminal matters. It was never designed to allow defendants to use surreptitious calendar changes to defeat the right of the People to amend to allege what may very well be just and proper charges of criminal activity."[2]

We hold that the refusal to accept defendant's plea under the circumstances of this case was within the inherent power of the magistrate to prevent injustice.

---

[2]The dubious tactic referred to in the concluding sentence of the trial court's opinion is more colorfully characterized in the Attorney General's brief as "Gamesmanship and all that Jazz."

(See *People* v. *Superior Court (Barke)* (1976) 64 Cal.App.3d 710, 718 [134 Cal.Rptr. 704].)

The judgment is affirmed.

Evans, J., and Blease, J., concurring.

A petition for a rehearing was denied January 18, 1983, and appellant's petition for a hearing by the Supreme Court was denied February 16, 1983. Bird, C. J., and Mosk, J., were of the opinion that the petition should be granted.