Filed 3/10/16  P. v. Obando-Segura CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F069378 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. MF008099A) |
| JOSE A. OBANDO-SEGURA, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Susan L. Jordan, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Kane, Acting P.J., Poochigian, J. and Smith, J.

## INTRODUCTION

After pleading nolo contendere to a violation of Health and Safety Code section 11360, subdivision (a), defendant Jose A. Obando-Segura was placed on probation. After successfully completing probation, on August 31, 2012, he was taken into custody by the United States Department of Homeland Security and Immigration Customs Enforcement (DHS/ICE). Defendant thereafter filed a nonstatutory motion to vacate or set aside the judgment of conviction. Appointed counsel filed a Penal Code section 1018[1] motion to withdraw defendant's plea. Following a hearing on April 30, 2014, the court denied the motion and the instant appeal followed. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende)* identifying no arguable issues and asking this court to independently review the entire record on appeal.

Our independent review of the record did not discover any arguable issues. Accordingly, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was born in Columbia. His parents brought him to the United States when he was 11 years old. He was designated a B2 visitor with authorization to remain in the United States for a temporary period not to exceed February 3, 2002. Defendant's family all reside in the United States.

On November 23, 2007, at approximately 11:15 p.m., Highway Patrol Officer Warren Barnes observed a silver BMW traveling erratically. Officer Barnes initiated a stop and approached the passenger side of the vehicle, directing the occupants to roll down the windows. Quamon Hammond was in the driver's seat, defendant was in the passenger seat, and Brittany Kendall was in the rear seat. Officer Barnes smelled what he believed to be marijuana. Officer Barnes determined none of the occupants of the vehicle had a valid driver's license. Officer Barnes asked Hammond if he had smoked marijuana

---

[1]    Unless otherwise indicated, all statutory references are to the Penal Code.

2

and if he had any marijuana in his possession. Hammond replied he had smoked marijuana earlier that day, and produced marijuana from his pants pocket. Officer Barnes asked defendant if he had marijuana. Defendant admitted that he, too, had marijuana in his pants and provided it to the officer.

Officer Barnes called for another unit and a tow truck. Officers Main and Franklin responded and conducted an inventory search of the vehicle. The officers found a large brown bag containing a Glock .40-caliber pistol and cartridges. The pistol was confirmed stolen. All occupants denied knowledge of the pistol.

The three occupants were placed under arrest. Further search of the vehicle located a large black piece of luggage on the right rear passenger seat, alongside the brown bag containing the pistol. The luggage contained seven vacuum-sealed packages of marijuana, each weighing approximately one-pound, and a vacuum sealing machine with traces of marijuana residue.

After being taken into custody, Brittany Kendall told Officer Barnes that the marijuana belonged to her, and that she found the pistol in the brown bag at a Burger King in Bakersfield, California. She admitted having intended to sell the marijuana.

Defendant stated he did not have his identification with him. Officer Barnes searched defendant's wallet and located what he believed to be a pay and owe sheet. Defendant said he did not know how it got in his wallet, however it had been there for several months. Defendant and Hammond denied knowing anything about the marijuana or the pistol; the brown bag and the black piece of luggage were with Kendall when they picked her up at her parents' house in Bakersfield.

A complaint filed on December 7, 2007, charged defendant with inducing a minor to use marijuana in violation of Health and Safety Code section 11361 (count 1); transporting, importing into the state of California, selling, furnishing, administering, or giving away marijuana/concentrated cannabis, or offering or attempting to engage in one or more such acts, in violation of Health and Safety Code section 11360, subdivision (a)

3

(count 2); and possessing for the purpose of sale, marijuana/concentrated cannabis, in violation of Health and Safety Code section 11359 (count 3). It was further alleged that in the commission of all three counts, defendant was armed with a firearm, a Glock .40-caliber pistol, a violation of § 12022, subd. (a)(1). At the conclusion of the preliminary hearing, the court dismissed counts 1 and 3 for insufficient cause. Defendant was held to answer on count 2, violation of Health and Safety Code section 11360, subdivision (a).

Defendant hired Nevada attorney Eric Ferran, who then subcontracted California attorney Fred Gagliardini to represent defendant.

Following a plea of not guilty, on May 16, 2008, defendant entered a plea of no contest to count 2, violation of Health and Safety Code section 11360, subdivision (a), with a two-year lid. In exchange for the plea, all other counts and the firearm enhancement were dismissed. Defendant initialed a change of plea form on that same date. The change of plea form included, under the heading "Consequences of Plea of Guilty or No Contest," "I understand that if I am not a Citizen of the United States, my guilty or no contest plea will result in my deportation, exclusion from admission, or denial of naturalization pursuant to the laws of the United States." Defendant indicated at the change of plea hearing that he understood all the rights on the form, and that he initialed and signed the form. He denied having any questions regarding the rights set forth in the form. The court, however, did not give defendant the mandatory admonishment pursuant to § 1016.5 which provides, in pertinent part:

"(a) Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law, except offenses designated as infractions under state law, the court shall administer the following advisement on the record to the defendant:

"If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from

4

admission to the United States, or denial of naturalization pursuant to the laws of the United States."

The sentencing hearing was held on August 19, 2008. Imposition of sentence was suspended and defendant was sentenced to three years' probation and 60 days in the custody of the Kern County Sheriff.

According to defendant's declaration filed in support of his motion to vacate his conviction, he entered the plea completely ignorant of the immigration consequences, neither of his attorneys having mentioned the word "immigration." He claims his attorney did not review the waiver form with him, and that his attorney asked him perfunctorily "to initial the boxes and sign the waiver form." When he asked his attorney, "[W]hat will I get for this plea," his attorney advised him "you will *only* get formal probation and maybe a few days in jail." His attorney failed to tell him that he would be subject to mandatory deportation.

Following successful completion of probation, on August 31, 2012, the DHS/ICE took defendant into custody and initiated removal or deportation proceedings, based on defendant's Health and Safety Code section 11360, subdivision (a) conviction.

Defendant claims that when he spoke to attorney Ferran by phone in 2013, Mr. Ferran admitted to defendant he did not advise defendant of the immigration consequences in his case because "to advise about immigration was not a major issue in the courts in 2008."

On December 19, 2013, defendant filed a "Non-Statutory Motion to Vacate or Set Aside the Judgment" on the ground that his trial attorney, Fred Gagliardini, rendered ineffective assistance of counsel for failing to investigate, research, and advise him of the immigration consequences of his plea. He claims he would not have pleaded no contest had he known he would be deported. Following the filing of the nonstatutory motion, Deputy Public Defender Dana Kinnison was appointed to represent defendant. On January 24, 2014, Mr. Kinnison filed a Motion to Withdraw Plea Pursuant to Penal Code

5

section 1018.  A hearing was held on April 30, 2014.  Defendant was not transported for the hearing because he was being held in Arizona.

Attorney Fred Gagliardini was called to testify for the People.  When asked by the District Attorney whether he reviewed the plea advisal and waiver of rights form with defendant, he responded it is his practice to go through Boykin-Tahl waivers with any client that is going to sign it.  When it was pointed out that he signed the form indicating he advised defendant of his rights, Mr. Gagliardini stated that he went through the advisal of rights with defendant himself or he would not have signed the form.

Mr. Gagliardini testified that prior to *Padilla v. Kentucky* (2010) 559 U.S. 356, he did not ask defendants their status.  He further stated that he did not discuss defendant's status.  He indicated that it was his practice to have said something to the effect of "[a]nd you need to understand if you are not a citizen of the United States, pleading guilty or no contest will result in you being deported, denial of naturalization, re-entry, any lawful immigration.  You are not going to be allowed to come and go.  If you plead guilty or no contest, you are not going to be able to stay in the country if you are not a citizen."  He did not discuss immigration consequences with defendant beyond the change of plea form.

The court denied the motion to withdraw the plea, reasoning that defendant was advised of the risk of deportation; he signed off on the form.  The court did not address Mr. Gagliardini's response to defendant's inquiry, "[W]hat will I get for this plea," that he would "*only* get formal probation and maybe a few days in jail."

On October 21, 2014, defendant filed the pending brief pursuant to *Wende* identifying no arguable issues and asking this court to independently review the entire record on appeal.  By letter dated October 21, 2014, and another dated September 30, 2015, this court invited defendant to submit additional briefing.  To date, he has not done so.

## DISCUSSION

Section 1018 provides that "[o]n application of the defendant at any time before judgment . . . , the court may . . . for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." (§ 1018.) Good cause to withdraw a guilty plea includes mistake, ignorance, inadvertence, or any other factor overreaching the defendant's free and clear judgment, and it must be shown by clear and convincing evidence. (*People v. Cruz* (1974) 12 Cal.3d 562, 566; *People v. Wharton* (1991) 53 Cal.3d 522, 585.) Ignorance that deportation may be a collateral consequence of a guilty plea can constitute good cause under section 1018. (*People v. Superior Court (Giron)* (1974) 11 Cal.3d 793, 796 (*Giron*).) While section 1018 is to be liberally construed, that "does not relieve the applicant from coming forward with requisite proof that the ends of justice will be subserved by permitting him to change his plea from guilty to not guilty." (*People v. Brotherton* (1966) 239 Cal.App.2d 195, 201.) These principles apply to no contest as well as to guilty pleas. (See *People v. Superior Court (Barke)* (1976) 64 Cal.App.3d 710, 715-716.)

We review the trial court's denial of a motion to withdraw a plea for abuse of discretion, adopting the court's factual findings if supported by substantial evidence. (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254; *Giron, supra,* 11 Cal.3d at p. 796.) "An abuse of discretion is found if the court exercise[d] discretion in an arbitrary, capricious or patently absurd manner resulting in a manifest miscarriage of justice." (*People v. Shaw* (1998) 64 Cal.App.4th 492, 496.)

A noncitizen defendant who has not been advised of the immigration consequences of a guilty plea may successfully move to withdraw the guilty plea on the basis of ineffective assistance of counsel when there is a showing of "affirmative misadvice regarding immigration consequences." (*In re Resendiz* (2001) 25 Cal.4th 230, 235.) In defendant's case, however, the trial court concluded defendant was advised of the immigration consequences of his guilty plea by both the court and his counsel.

7

Substantial evidence supports the trial court's findings.  (*People v. Siripongs* (1988) 45 Cal.3d 548, 566-567.)

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.  (*Wende, supra,* 25 Cal.3d 436.)

## **<u>DISPOSITION</u>**

The judgment is affirmed.