[Civ. No. 37927. First Dist., Div. Four. Apr. 26, 1976.]

DOROTHY LEE CALDWELL et al., Plaintiffs and Appellants, v.
THE MUNICIPAL COURT FOR THE OAKLAND-PIEDMONT
JUDICIAL DISTRICT OF ALAMEDA COUNTY,
Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

## COUNSEL

James C. Hooley, Public Defender, and E. Craig Goldman, Assistant Public Defender, for Plaintiffs and Appellants.

No appearance for Defendant and Respondent.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, W. Eric Collins and Linda Ludlow, Deputy Attorneys General, for Real Party in Interest and Respondent.

## OPINION

THE COURT.*—Dorothy Lee Caldwell and Ronnie Caldwell appeal from a judgment denying a writ of mandamus to compel respondent

---

*Before Caldecott, P. J., Rattigan, J., and Christian, J.

municipal court to grant discovery in a pending misdemeanor case in which appellants are defendants.

The charges against appellants are battery upon Officer Lance House of the Oakland Police Department (Pen. Code, § 243) and obstructing a police officer in the performance of his duty (Pen. Code, § 148). A deputy public defender filed in the municipal court a declaration to obtain a subpoena duces tecum directed to the chief of police to compel production of:

"(1) Copies of all reports and records of complaints alleging the use of excessive force, aggressive conduct and/or violence in arrests made by Officers W. J. Gillespie and J. House, in the course of their employment by the Oakland Police Department.

"(2) Verbatim copies of all investigative reports made as a result of complaints alleging excessive use of force, violence by aforesaid Officers Gillespie and House in the course of their employment by the Oakland Police Department.

"(3) Names and addresses of all persons who have complained to the Oakland Police Department of excessive use of force, aggressive conduct and/or violence by Officers Gillespie and House committed during the course of their employment as officers;

"(4) Verbatim copies of all records, reports, reports of investigations and all other writings pertaining to the use of aggressive conduct, violence and/or excessive force committed by said officers contained in their personnel files;

"(5) Verbatim copies of all records, reports, reports of investigations and all other writings pertaining to the use of aggressive conduct, excessive force and/or violence committed by said officers in the possession of the Bureau of Internal Affairs."

In the declaration it was stated on information and belief that the charges against appellants arose out of an incident in which Officers Gillespie and House used "excessive force, aggressive conduct and violence." Declarant stated that he "believed":

1. That the officers had "used excessive force, aggressive conduct and violence on other occasions."

2. That complaints and investigative reports concerning the officers' conduct were in the possession of the police department and were not available "in the exercise of due diligence."

3. The information was "necessary as character evidence of said officers' tendency to use violence, aggressive conduct and excessive force in support of the defense of self-defense."

■ The court issued the requested subpoena but later quashed the subpoena on the ground that the declaration was insufficient. The writ proceeding now under review was then commenced in the superior court.

Appellants correctly point out that in *Pitchess* v. *Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305], the California Supreme Court has laid down the rule that a defendant in a criminal action who intends to offer a defense of self-defense in a charge involving an alleged attack upon a police officer is entitled to discover material in the possession of the police department concerning any claimed propensity of the involved police officer to commit acts of violence. "The requisite showing [for such discovery] may be satisfied by general allegations which establish some cause for discovery" going beyond a mere fishing expedition. (11 Cal.3d at p. 537.) The Attorney General argues that, in the present case, the showing in support of discovery was insufficient in that "there is no allegation based on personal knowledge that the officers actually used excessive force or.. .·. that appellant is actually going to rely on a defense of self-defense." But to require a personal showing by appellants would potentially involve interference with the Fifth Amendment privilege against self-incrimination. Even though the defense has not been able to point to specific prior acts of violence, the official records desired to be examined were identified with reasonable particularity and the pertinence to the defense of the requested information was demonstrated. The court should have granted discovery subject to the right of the public agency to assert privilege under Evidence Code section 1040. (See *In re Valerie E.* (1975) 50 Cal.App.3d 213 [123 Cal.Rptr. 242].)

The judgment is reversed with directions to issue a writ requiring the municipal court to take further proceedings conforming to the procedures outlined in *Pitchess* v. *Superior Court,* 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305], and *In re Valerie E., supra,* 50 Cal.App.3d 213.