[S.F. No. 23507. Oct. 29, 1976.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO
COUNTY, Respondent;
ALBERT TYRONE LEVY, Real Party in Interest.

**COUNSEL**

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Willard F. Jones and Jane Kirkland Fischer, Deputy Attorneys General, for Petitioner.

James M. Cramer, District Attorney (San Bernardino), and Joseph A. Burns, Deputy District Attorney, as Amici Curiae on behalf of Petitioner.

No appearance for Respondent.

J. Scott Buchanan, Jerome S. Stanley and Christopher H. Wing as Amici Curiae on behalf of Respondent.

Kenneth M. Wells, Public Defender, and Betty Rocker, Assistant Public Defender, for Real Party in Interest.

**OPINION**

**CLARK, J.**—The People petition for writ of mandate to compel respondent superior court to vacate its order directing them to disclose the identity of a confidential informant. The petition is denied on the ground that mandate is not available for this purpose.

The facts adduced in support of the motion to compel disclosure of the informant were as follows:[1] The informant told an undercover officer that defendant was selling heroin, apparently confirming information the officer had received from other sources, and arranged for the officer to meet defendant at the latter's apartment. When the officer, accompanied by the informant, went to defendant's apartment, the informant introduced them.[2] Four other men and a woman were also in the apartment. The officer told defendant that he wanted to buy two "quarter spoons" of heroin. Defendant replied that the price would be $20 per "quarter spoon," but that he did not then have the heroin and was waiting for his roommate to deliver it to him. The officer agreed to the price.[3] The officer then left the apartment and returned an hour later. The informant was not present on this occasion but there were two other men in the apartment when the officer arrived. Defendant took the officer to a bedroom where he obtained a clear plastic vial containing two balloons and two "bindles." Defendant handed the officer the two "bindles" and the officer handed him $40. It was stipulated that each "bindle" contained .3 grams of heroin.

Charged by information with sale of heroin (Health & Saf. Code, § 11352), defendant moved to compel disclosure of the informant's identity. The People opposed the motion on the ground that the informant, not having been present during the actual transaction, could not be considered a material witness on the issue of guilt. When respondent court indicated it would rule in defendant's favor the People requested an *in camera* hearing pursuant to section 1042, subdivision (d), of the Evidence Code. The court set the matter for such hearing, granting the motion to compel disclosure subject to reconsideration at that hearing. However, the People subsequently withdrew their request for the hearing, alleging that they would be unable to transport the informant to it without revealing his identity, and filed this petition instead.

■ The threshold question presented by this case is whether the disclosure order is reviewable by mandate. The People contend that it is, arguing that their remedy by way of appeal is inadequate.

[1] The motion was submitted on the evidence presented at the preliminary hearing.

[2] "Q. Did the informant that was with you say anything to Mr. Levy? A. [By the undercover officer] He introduced me to him. Q. And how did he introduce you? A. He introduced me. He said, 'This is Jay. This is Levy.' We shook hands and that was it."

[3] The record is silent on the question whether the informant was within earshot during the negotiations.

The People's remedy by way of appeal would be to refuse to comply with the disclosure order, suffer a dismissal as a consequence, and then appeal the dismissal order pursuant to section 1238, subdivision (a)(8), of the Penal Code. That provision permits the People to appeal "[a]n order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy . . . ." The scope of review in such an appeal includes the validity of an underlying disclosure order. (See *People* v. *Borunda* (1974) 11 Cal.3d 523 [113 Cal.Rptr. 825, 522 P.2d 1]; *People* v. *Long* (1974) 42 Cal.App.3d 751 [117 Cal.Rptr. 200]; *People* v. *McCoy* (1970) 13 Cal.App.3d 6 [91 Cal.Rptr. 357].) However, appeal is an inadequate means of reviewing a disclosure order, the People contend, because the case cannot be refiled if the dismissal order is affirmed on appeal.

The risk pointed out by the People is inherent in such an appeal. Subdivision (b) of section 1238 provides: "If, pursuant to paragraph (8) of subdivision (a), the people prosecute an appeal to decision, or any review of such decision, it shall be binding upon them and they shall be prohibited from refiling the case which was appealed." However, the Legislature having deliberately so qualified the People's right of appeal, is it the province of the courts to grant them an unqualified right of review by means of mandate?

Guidance in resolving this question is found in *People* v. *Superior Court (Howard)* (1968) 69 Cal.2d 491 [72 Cal.Rptr. 330, 446 P.2d 138]. In *Howard,* the People petitioned for writ of mandate to compel the respondent superior court to vacate its order dismissing an information on its own motion (Pen. Code, § 1385) following a guilty verdict by the jury. Then, as now, a dismissal order entered during trial was not appealable under section 1238. Therefore, the question presented in *Howard* was "whether mandate should be available to secure a review when the Legislature has determined there should be no appeal." (69 Cal.2d at p. 497.) "The Legislature has determined," this court observed, "that except under certain limited circumstances the People shall have no right of appeal in criminal cases." (*Id.*) "The restriction on the People's right to appeal," the opinion continued, "is not merely a procedural limitation allocating appellate review between direct appeals and extraordinary writs but is a substantive limitation on review of trial court determinations in criminal trials." (*Id.* at p. 498.) "To permit the People to resort to an extraordinary writ to review where there is no right to appeal," this court noted, "would be to give the People the very appeal which the Legislature has denied to them." (*Id.* at p. 499.)

Therefore, this court concluded, "the extension of review beyond the limits which the Legislature has deemed appropriate is not warranted where the trial court has not exceeded its jurisdiction." (*Id.*) Reiterating this conclusion in *People* v. *Krivda* (1971) 5 Cal.3d 357 [96 Cal.Rptr. 62, 486 P.2d 1262], this court stated that "mandate is proper only to review *jurisdiction,* not ordinary judicial error." (5 Cal.3d at p. 364, fn. 5; see also *People* v. *Superior Court* (*Edmonds*) (1971) 4 Cal.3d 605, 608 [94 Cal.Rptr. 250, 483 P.2d 1202].)

Respondent superior court has not exceeded its jurisdiction by ordering the People to disclose the identity of their confidential informant. It has, at most, committed "ordinary judicial error." Moreover, the very statute which created the People's right of appeal made that right subject to the condition they complain of. (Stats. 1968, ch. 532, § 1, pp. 1185-1186.)[4] To hold that qualification of the right of appeal rendered that remedy "inadequate," entitling the People to writ review subject to no such qualification, would be, in the language of *Howard,* "to give the People the very appeal which the Legislature has denied to them." Therefore, the petition for writ of mandate is denied.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Sullivan, J., and Richardson, J., concurred.

---

[4]The 1968 amendment to section 1238 added subdivision 8, providing that the People might appeal "From an order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy or where the defendant has waived jeopardy. If, pursuant to this subdivision, the people prosecute an appeal to decision, or any review of such decision, it shall be binding upon them and they shall be prohibited from refiling the case which was appealed."