[Civ. No. 21285. Fourth Dist., Div. Two. Apr. 15, 1980.]

THE PEOPLE, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE SAN BERNARDINO
COUNTY JUDICIAL DISTRICT, WEST VALLEY DIVISION, OF
SAN BERNARDINO COUNTY, Defendant and Respondent;
SUSAN MICHELLE BONNER, Real Party in Interest and
Respondent.

**COUNSEL**

James M. Cramer, District Attorney, and Joseph A. Burns, Deputy District Attorney, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Jones & Pittullo and Ramon Gomez for Real Party in Interest and Respondent.

## OPINION

KAUFMAN, J.—The People appeal from a judgment denying their petition for writs of prohibition and mandate. The appeal is meritorious, and the judgment will be reversed with directions to the trial court to issue a peremptory writ of mandate.

### Facts

Susan Michelle Bonner (real party in interest) was charged in the San Bernardino County Municipal Court District, West Valley Division, with unlawfully using force and violence upon the person of Ontario Police Officer Richard Condon, knowing that he was a police officer engaged in the performance of his duty. (Pen. Code, § 243.) Through counsel real party noticed a motion for discovery, seeking, inter alia, any and all complaints filed against Officer Condon relating to excessive force in the performance of his duties and copies of any and all police reports prepared by Officer Condon in the preceding three years concerning alleged violations of Penal Code sections 148 (resisting, delaying or obstructing an officer in the discharge of his duty) or 243 (battery upon a peace officer in the performance of his duties).[1]

After argument, the court granted real party's motion for discovery as to the two items just specified.[2] Although that part of the court's order does not appear in its minutes, statements by the court in subsequent proceedings disclose that with respect to the order for discovery of any police reports prepared by Officer Condon in the preceding three years relating to violations of Penal Code sections 148 and 243, the court contemplated that real party or her representatives would be given free access to the area in which such records were kept and would, at real party's expense, be permitted to rummage through the records in an attempt to find some that might be useful to the defense and thereafter make copies of them.

---

[1]Other items requested were: any inquiries whether true or untrue into the fitness of Officer Condon because of the use or alleged use of excessive force; any psychological profile of Officer Condon; and any and all disciplinary records of Officer Condon.

[2]As to the other items requested (see fn. 1, *ante*) the motion was denied.

Subsequently, the People moved for a rehearing and for permission to present oral testimony. The basis for this motion was that the area in which the records were kept was such and the manner in which the records were kept and indexed was such that it would be an enormous job to locate reports prepared by any specific officer with respect to violations of any specific code section and that, furthermore, permitting real party or her representatives free access to the area in which the records were kept would violate a number of statutes relating to confidentiality of the records. The People's motion was denied, presumably because it was untimely.

Thereafter the People complied with that portion of the order requiring it to furnish any and all complaints filed against Officer Condon relating to excessive force in the performance of his duties, but the People declined to comply with the order insofar as it authorized discovery of all reports prepared by Officer Condon relating to violations of Penal Code sections 148 and 243 in the preceding three years. Real party moved for sanctions, and the court ordered that the testimony of Officer Condon be suppressed.

The People then filed in San Bernardino Superior Court a petition for writs of mandate and prohibition to require the municipal court to vacate the discovery order and the order for sanctions. In the petition the facts recited above were alleged and in addition it was alleged that the People had opposed the discovery motion "on the grounds that it sought information which was irrelevant to the matter and that the showing offered in support of the motion was inadequate." The superior court issued alternative writs of prohibition and mandate together with a stay order. Real party filed her answer and concurrently a demurrer. The matter came on for hearing, and the court denied the petition for peremptory writs, concluding that the municipal court had not abused its discretion in making the discovery order and imposing the sanctions it did.

### Contentions and Discussion

On appeal the People contend that on the showing made by real party in the municipal court, the court was bound to deny the discovery motion, at least with respect to the unrelated police reports prepared by Officer Condon in the preceding three years relating to violations of Penal Code sections 148 and 243. The People further contend that even if

the discovery order was proper, the sanction of suppressing all testimony by Officer Condon was excessive and constituted an abuse of discretion. Real party contends to the contrary in each instance and in addition contends that the People had no right to seek a writ in the superior court in the first place.

*The Merits*

If the People have a remedy by way of writ, there can be no question as to the outcome of the case on the merits. ■ A motion by an accused in a criminal case for discovery must be supported by a showing of plausible justification for production of the items requested. (*Hill* v. *Superior Court* (1974) 10 Cal.3d 812, 817 [112 Cal.Rptr. 257, 518 P.2d 1353, 95 A.L.R.3d 820]; *Joe Z.* v. *Superior Court* (1970) 3 Cal.3d 797, 804 [91 Cal.Rptr. 594, 478 P.2d 26]; *Lemelle* v. *Superior Court* (1978) 77 Cal.App.3d 148, 162, 164 [143 Cal.Rptr. 450]; see also *Pitchess* v. *Superior Court* (1974) 11 Cal.3d 531, 536-538 [113 Cal.Rptr. 897, 522 P.2d 305]; *Craig* v. *Municipal Court (Gregory)* (1979) 100 Cal.App.3d 69, 72-73 [161 Cal.Rptr. 19].) The accused must demonstrate that the requested information will facilitate the ascertainment of the facts and a fair trial. (*Pitchess* v. *Superior Court, supra,* 11 Cal.3d at p. 536; *Lemelle* v. *Superior Court, supra,* 77 Cal. App.3d at p. 162; *Bortin* v. *Superior Court* (1976) 64 Cal.App.3d 873, 878 [135 Cal.Rptr. 30].)

■ The showing made by real party in support of her motion is nonexistent. The only declaration filed in support of the motion for discovery was one executed by real party's attorney in which he declared that he was real party's attorney in the matter; that he was informed and believed that defendant was charged with battery upon a police officer under Penal Code section 243; that the police officer involved was Officer Richard Condon of the Ontario Police Department; that he was informed and believed that the conduct of Officer Condon towards real party was material and relevant to the defense of the defendant "in that the degree of provocation and the issue of self defense may in fact be an issue at said trial"; and that it was not possible to obtain the requested information through the efforts of defense counsel without an order of the court.

No attempt was made in the declaration to indicate what real party would hope to find or be looking for in the unrelated police reports pre-

pared by Officer Condon in the preceding three years, nor was there any indication whatever of how those unrelated reports might facilitate the ascertainment of the facts and a fair trial. The utter insufficiency of the declaration to establish plausible justification for production of these wholly unrelated reports is best demonstrated by its perusal. A copy is therefore attached to this opinion as appendix A.

This court recently had occasion to discuss the request of an accused for the production of such unrelated reports prepared by the officer in *Lemelle* v. *Superior Court, supra,* 77 Cal.App.3d 148. There, the accused had submitted a declaration in which it was stated that the declarant was informed and believed "'that each of said officers have individually and in furtherance of a conspiracy filed baseless charges against persons accusing the latter of committing acts against the former violative of sections 148 PC, 242 P.C. and 243 P.C. and in support of which charges have made certain crime and arrest reports against said persons all in [an] effort to conceal and obfuscate the true state of facts, namely, that said officers or either of them were the aggressors and committed unnecessary acts of aggressive behavior, violence, excessive force or acts demonstrating racial and/or ethnic prejudice.'" (77 Cal.App.3d at p. 163.) Even on that showing we characterized the usefulness to the accused of the reports sought as "speculative and remote at best." We stated: "It is conceivable, however, that from such reports defendant would gain knowledge of incidents similar to the one in which he was involved and the names of persons similarly charged by the officers which, in turn, might lead to admissible evidence tending to show the use of excessive force by the officers on prior occasions. It appears, therefore, that defendant has shown 'some cause for discovery other than "a mere desire for the benefit of all information . . ."' . . . and has satisfied the requirement of plausible justification as to this item." (77 Cal.App.3d at p. 164.)

In the case at bench, there is no averment or allegation that Officer Condon habitually used excessive force or, more to the point, no averment that he was in the habit of making false reports accusing persons of resisting arrest or battery upon a police officer. Thus, the usefulness shown in *Lemelle* which we characterized as "speculative and remote at best," is here entirely nonexistent.

The record indicates that the district attorney opposed the discovery motion on grounds that the material sought was irrelevant and that no

sufficient showing had been made to support an order for its production. In the absence of any showing whatever, the municipal court could only exercise its discretion in one way, namely, to deny the motion for discovery of the unrelated reports prepared by Officer Condon in the preceding three years. The superior court erred, therefore, in not issuing a peremptory writ of mandate to the municipal court commanding it to vacate its order for the production of these records.[3]

*Propriety of the People's Seeking a Writ*

■ Before proceeding to a discussion of real party's contention that pretrial review of a discovery order is not available to the People by writ, we place that contention in context. The matter before us is an appeal from a judgment of the superior court denying issuance of a peremptory writ of mandate after issuance of an alternative writ in the first instance. An appeal from that judgment is, of course, expressly authorized by subdivision (a) of Code of Civil Procedure section 904.1. Real party's contention, therefore, must be taken as being in support of the superior court's action in denying issuance of a peremptory writ.[4]

Real party first argues that a writ of mandate will not issue when there is another adequate remedy available. (See Code Civ. Proc., §§ 1086, 1103.) She urges that the People should have indicated to the municipal court that, in view of its order suppressing the testimony of Officer Condon, it would not be able to proceed, whereupon the court would have dismissed the action pursuant to Penal Code section 1385, giving the People a right to appeal under subdivision 1(a) of Penal Code section 1466.

---

[3]The district attorney calls our attention also to the recent decision in *Craig v. Municipal Court (Gregory), supra,* 100 Cal.App.3d 69, in which the court noted that a request for such unrelated reports prepared by the officer would require disclosure of the names and circumstances involved concerning persons who may have been accused of crime but who were not subsequently prosecuted or, if prosecuted, not convicted. The court concluded that the interest of such persons in confidentiality outweighed the remote and speculative benefit disclosure of the reports would have been to the accused in that case, particularly in view of the fact that the court had ordered disclosure of all complaints against the officer there involved relating to the use of excessive force. While we do not disagree with the decision in that case, the problem of weighing or balancing competing considerations does not arise in the case at bench. Here there was no showing whatever that the unrelated reports would be of any use to the defense.

[4]The superior court expressly indicated that it denied the writ not because the application for a writ was inappropriate, but because it concluded the municipal court had not abused its discretion.

This argument is without merit. Similar reasoning was employed by the court in *People* v. *Superior Court (Levy)* (1976) 18 Cal.3d 248, 251 [133 Cal.Rptr. 624, 555 P.2d 633], with respect to an attempt by the People to obtain a writ of mandate to compel the trial court to vacate its order compelling disclosure of the identity of an informant. However, since an order for disclosure of the identity of an informant is based upon a determination that the lack of such information will deprive the defendant of a material witness and, therefore, a fair trial, dismissal of the criminal action against the accused follows as a matter of course if the disclosure order is not complied with. By contrast, here the People seek to set aside the order for the production of the unrelated police reports prepared by Officer Condon in the preceding three years relating to alleged violations of Penal Code sections 148 and 243. Noncompliance with the discovery order would not automatically result in dismissal of the criminal prosecution against real party. Any one of a number of sanctions would be available to the trial court upon noncompliance with that order. For example, the court might simply instruct the jury that they were to consider as though proved by evidence the fact that Officer Condon had a propensity for violence. Thus, the People had no adequate remedy by way of appeal from the order that these records be produced. In fact, the superior court determined that the People had no adequate remedy in the ordinary course of law when it issued the alternative writ. (Cf. *People* ex rel. Younger v. *County of El Dorado* (1971) 5 Cal.3d 480, 492 [96 Cal.Rptr. 553, 487 P.2d 1193]; *Miller* v. *Superior Court* (1968) 69 Cal.2d 14, 17 [69 Cal.Rptr. 583, 442 P.2d 663].)

Next, real party argues that a writ will not issue unless a timely objection was made to the lower court's ruling. However, although real party asserts that the People failed to make a timely objection to the sanction that the municipal court chose to impose, it is admitted that the People made timely objection to the order granting discovery of the unrelated police reports prepared by Officer Condon. Apparently, real party does not fully appreciate that the People's application for a writ in the superior court was directed not only at the sanction imposed by the municipal court but at the discovery order itself.

The same answer must be made to real party's contention that neither a writ of prohibition nor mandate will issue to review a court's ruling on the admissibility of evidence or to correct mere judicial error, as opposed to an act in excess of jurisdiction. The sanction imposed by

the municipal court may be said to relate to the exclusion of evidence. However, its order for the production of the unrelated police reports was not a ruling on the admissibility of evidence.

■ It is true as stated in *People v. Superior Court (Stanley)* (1979) 24 Cal.3d 622, 626 [156 Cal.Rptr. 626, 596 P.2d 691], that "[m]andate is not available to the prosecution for review of 'ordinary judicial error'...or even 'egregiously erroneous' orders...when the order or ruling 'on its face is a timely exercise of a well-established statutory power of trial courts...from which no appeal is provided in [Penal Code] section 1238.'..."■ However, the error of which the People complain in the case at bench is no ordinary judicial error. As indicated in our discussion of the merits, real party made no showing whatever in support of her request for the unrelated reports prepared by Officer Condon. Under existing law, therefore, the municipal court had no authority to order the production of those records, and its doing so constituted an act in excess of jurisdiction. (See *Miller v. Superior Court, supra,* 69 Cal.2d at p. 16; *In re Richard C.* (1979) 89 Cal. App.3d 477, 484 [152 Cal.Rptr. 787]; *People v. Superior Court (Lozano)* (1977) 69 Cal.App.3d 57, 61 [137 Cal.Rptr. 767], overruled on other grounds in *People v. Caudillo* (1978) 21 Cal.3d 562, 587 [146 Cal.Rptr. 859, 580 P.2d 274].)

■ Real party is, of course, correct that mandate will not issue to compel an inferior tribunal to exercise its discretion in a particular manner. However, mandate is appropriate when, under the circumstances, the lower tribunal was authorized to exercise its discretion in only one way. (*Mannheim v. Superior Court* (1970) 3 Cal.3d 678, 685 [91 Cal.Rptr. 585, 478 P.2d 17]; Code Civ. Proc., § 1085.)

Finally, real party contends that inasmuch as the Legislature has not provided an appeal for the People from discovery orders, its right to review by writ is limited and was not properly available in this case. We do not agree.

The rule relied upon by real party has been most recently restated in *People v. Superior Court (Stanley), supra,* 24 Cal.3d at pages 625-626: "If the prosecution has not been granted by statute a right to appeal, review of any alleged error may be sought by a petition for writ of mandate only when a trial court has acted in excess of its jurisdiction and the need for such review outweighs the risk of harassment of the

accused.... Were the rule otherwise, "'the People [would have] the very appeal which the Legislature has denied to them....'"" (Italics and fn. omitted; accord: *People* v. *Superior Court* (*Levy*), *supra,* 18 Cal.3d at pp. 251-252; *People* v. *Superior Court* (*Edmonds*) (1971) 4 Cal.3d 605, 608-609 [94 Cal.Rptr. 250, 483 P.2d 1202]; *People* v. *Superior Court* (*Howard*) (1968) 69 Cal.2d 491, 499-501 [72 Cal.Rptr. 330, 446 P.2d 138].) "However, as the Supreme Court pointed out in *Howard,* the prohibition against proceeding by way of a writ when appeal is foreclosed is not absolute; rather, it requires a delicate balancing of the complicated considerations of preventing harassment of the accused as against correcting possible errors.... In accordance with the balancing test spelled out in *Howard,* later cases acknowledge that review by a prerogative writ is possible if the trial court acts in excess of its jurisdiction, and if there is no danger of a further trial or retrial, which would be in contravention of the proscription against double jeopardy." (*In re Richard C., supra,* 89 Cal.App.3d at p. 484; accord: *People* v. *Superior Court* (*Edmonds*), *supra,* 4 Cal.3d at pp. 608-609; *People* v. *Superior Court* (*Lozano*), *supra,* 69 Cal.App.3d at p. 62; see also *People* v. *Superior Court* (*Brodie*) (1975) 48 Cal.App.3d 195, 200-201 [121 Cal.Rptr. 732].)

■ In the case at bench, it could hardly be expected that the Legislature would have provided for an appeal, because the law of criminal discovery in California is a creation of the judiciary, not the Legislature. (See *Pitchess* v. *Superior Court, supra,* 11 Cal.3d at pp. 535-536.) Orders denying an accused discovery to which he is entitled are considered in excess of jurisdiction and reviewable by writ (see, e.g., *Hill* v. *Superior Court, supra,* 10 Cal.3d 812; *Ballard* v. *Superior Court* (1966) 64 Cal.2d 159, 168 [49 Cal.Rptr. 302, 410 P.2d 838, 18 A.L.R.3d 1416]; *Lemelle* v. *Superior Court, supra,* 77 Cal.App.3d 148, and numerous writ cases there cited and discussed.) We perceive no reason why the People should not be accorded a similar right to pretrial review by writ of a discovery order for which no support can be found in the record.

Motions for discovery generally occur shortly after the inception of criminal accusations, and no retrial or double jeopardy problem is involved in the pretrial review of discovery orders. If such review is not accorded to People, they have no means by which to review a discovery order at all, even if it was made wholly without justification and imposes an outrageous burden on the prosecution and the public fisc.

We conclude that the People's application to the superior court for a writ of mandate was entirely proper.

### Disposition

The judgment is reversed with directions to the trial court to issue a peremptory writ of mandate to the municipal court commanding it to vacate its discovery order insofar as it purported to compel production of any and all police reports prepared by Officer Condon in the preceding three years relating to allegations of violation of Penal Code sections 148 and 243 and, because that portion of its discovery order was invalid, to vacate also its order suppressing the testimony of Officer Condon.

Gardner, P. J., concurred.

**TAMURA, J.**—I respectfully dissent. The majority's decision directing vacation of the trial court's discovery order runs counter to the basic principle underlying criminal discovery.

The rationale for criminal discovery was recently summarized in *People* v. *Municipal Court* (*Street*) (1979) 89 Cal.App.3d 739 ·[153 Cal.Rptr. 69], where the court stated: "Although the California Supreme Court has not yet established a method of ascertaining whether or not discovery of a given item is necessary to accord defendant a fair trial (Louisell & Wally, Modern Cal. Discovery, *supra*, at p. 885), underlying the rationale of criminal discovery is the principle first stated in *People* v. *Riser* (1956) 47 Cal.2d 566, 586 [305 P.2d 1] (app. dism. 358 U.S. 646 [3 L.Ed.2d 568, 79 S.Ct. 537], disapproved on other grounds in *People* v. *Morse* (1964) 60 Cal.2d 631 [36 Cal.Rptr. 201, 388 P.2d 33, 12 A.L.R.3d 810]): 'Absent some governmental requirement that information be kept confidential for the purposes of effective law enforcement, the state has no interest in denying the accused access to all evidence that can throw light on issues in the case,...' Justice Traynor wrote: 'There remains to be articulated how much the right [to pretrial discovery] encompasses. The defendant must show better cause for discovery "than a mere desire for the benefit of all information which has been obtained by the People in their investigation of the crime." A showing, however, that the defendant cannot readily obtain the information through his own efforts will ordinarily entitle him to pretrial knowledge of any unprivileged evidence, or information that might lead to the discovery of evidence, if it appears reasonable that

might lead to the discovery of evidence, if it appears reasonable that such knowledge will assist him in preparing his defense. Moreover, in the absence of a countervailing showing by the prosecution that the information may be used for an improper purpose, *discovery is available not merely in the discretion of the trial court, but as a matter of right.*' (Traynor, *Ground Lost and Found in Criminal Discovery* (1964) 39 N.Y.U.L.Rev. 228, 244, italics added.)" (*People v. Municipal Court (Street)*, *supra*, 89 Cal.App.3d 739, 749-750.)

Consistent with the rationale of criminal discovery, our high court has stated that the requisite showing for discovery "may be satisfied by general allegations which establish some cause for discovery other than 'a mere desire for the benefit of all information which has been obtained by the People in their investigation of the crime.' [Citation.]" (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531, 537 [113 Cal.Rptr. 897, 522 P.2d 305]; *Griffin v. Municipal Court* (1977) 20 Cal.3d 300, 306 [142 Cal.Rptr. 286, 571 P.2d 997].)

In *Caldwell v. Municipal Court* (1976) 58 Cal.App.3d 377 [129 Cal.Rptr. 834], the court applied the foregoing principles in passing upon the adequacy of a defendant's showing for the production of complaints against police officers and police investigative records in the context of misdemeanor charges of battery on a police officer and obstructing an officer in the performance of his duties. The municipal court denied discovery and a petition for writ of mandate to the superior court was denied. On appeal from the superior court judgment, the reviewing court rejected the People's contention that the defendant had made an inadequate showing. The court stated: "The Attorney General argues that, in the present case, the showing in support of discovery was insufficient in that 'there is no allegation based on personal knowledge that the officers actually used excessive force or . . . that appellant is actually going to rely on a defense of self-defense.' But to require a personal showing by appellants would potentially involve interference with the Fifth Amendment privilege against self-incrimination. Even though the defense has not been able to point to specific prior acts of violence, the official records desired to be examined were identified with reasonable particularity and the pertinence to the defense of the requested information was demonstrated. The court should have granted discovery subject to the right of the public agency to assert privilege un-

der Evidence Code section 1040." (*Caldwell* v. *Municipal Court, supra,* 58 Cal.App.3d 377, 380.)

Here, as in *Caldwell*, the charges are battery on a police officer and interference with the officer's performance of his official duties. Defendant moved for discovery of complaints against the police officer for use of excessive force in the performance of his duties and copies of all police reports filed by the officer during the past three years for alleged violations of Penal Code sections 148 or 243. The motion was supported by defense counsel's declaration in which he stated, inter alia: "I am further informed and believe that the conduct of Officer Richard Condon towards the defendant Susan M. Bonner is material and relevant consideration to the defense of the defendant in that the degree of provocation and the issue of self defense may in fact be an issue at said trial. [¶] It is not possible to obtain said information through the efforts of defense counsel without an order of this court."

The motion first came on for hearing before Judge Cox who questioned whether there had been a sufficient showing that self-defense would be an issue in the case. Judge Cox did not rule on the motion, however, and the matter thereafter came before Judge Hildreth. When informed of Judge Cox' reservation concerning the adequacy of the showing made, Judge Hildreth stated: "Just as an individual judge, I have a feeling that in light of the type of charge that basically you are entitled to the information unless there is some showing or some indication that by no stretch of the imagination is self-defense going to be an issue. I think almost invariably by the nature of the charge it is something that should be explored by defense counsel." The judge granted the discovery motion.

The majority holds that Judge Hildreth abused his discretion in granting the motion as it related to the arrest reports because defendant failed to present any plausible justification for their production. I disagree. In light of the nature of the charges, the judge could reasonably infer from counsel's declaration that self-defense, provocation and excessive force would be issues in the case. In this type of case "the required 'plausible justification' for criminal discovery is readily apparent" (*Bortin* v. *Superior Court* (1976) 64 Cal.App.3d 873, 878 [135 Cal.Rptr. 30]) and Judge Hildreth properly so noted in making his order. "A defendant's motion to discover is addressed solely to the sound discretion of the trial court, which has inherent power to order discovery when the interests of justice so demand." (*Pitchess* v. *Superior*

*Court, supra,* 11 Cal.3d 531, 535.) Whether a plausible justification has been shown, therefore, is a matter resting in the sound discretion of the trial court and all reasonable inferences should be drawn in support of its determination. The majority, however, invalidates the order by doing precisely the opposite.

The majority relies on *Lemelle v. Superior Court* (1978) 77 Cal.App.3d 148 [143 Cal.Rptr. 450], a decision of this court from which I also dissented. There, defendant was charged with, among other offenses, battery upon a police officer and resisting arrest. He sought discovery of a number of items, including arrest reports filed by the named officers during the past 10 years for alleged violations of Penal Code sections 148 or 242-243 and records of any psychiatric or psychological tests of either officer. The trial court denied discovery and defendant sought a writ of mandate from this court to compel discovery. The same majority that decided this case, speaking through the same author, held that the trial court did not abuse its discretion in denying discovery of the requested items. The majority felt that the usefulness of the arrest reports was "speculative and remote at best" (at p. 163), but since it was conceivable that they could lead to relevant evidence, defendant had "satisfied the requirement of plausible justification." (At p. 164.) The majority nevertheless held that the trial court, in the exercise of its discretion, could have concluded that complying with a demand for such reports covering a 10-year period would be so burdensome and disproportionate to the minimal value of the information to defendant that the request for the discovery order should be denied. (I had no quarrel with that aspect of *Lemelle*; my dissent was directed to the denial of discovery of the psychiatric and psychological test records.)

Thus, in *Lemelle*, the majority drew inferences to support an order denying discovery. By the same token, where the trial court in the exercise of its discretion has granted discovery, all reasonable inferences should be indulged to support the order. Indeed, an order denying discovery should be subjected to greater scrutiny than one granting discovery.

The municipal court did not exceed the bounds of reason in making its discovery order. I would affirm the judgment denying the petition for writ of mandate.

## APPENDIX A

### DECLARATION OF COUNSEL

I, P. TIMOTHY PITTULLO, being first duly sworn do state:

1. I am a duly licensed attorney at law and represent SUSAN M. BONNER, defendant in the above-captioned matter.

2. I am informed and believe and based upon this information and belief allege that the defendant in the above-captioned matter is charged with Penal Code § 243, Battery Upon a Police Officer.

3. I am further informed and believe that the victim and police officer in this case is Officer Richard Condon of the Ontario Police Department.

4. I am further informed and believe that the conduct of Officer Richard Condon towards the defendant Susan M. Bonner is material and relevant consideration to the defense of the defendant in that the degree of provocation and the issue of self defense may in fact be an issue at said trial.

It is not possible to obtain said information through the efforts of defense counsel without an order of this court.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on August 28, 1978, at Upland, California.

P. Timothy Pittulo (signed)
P. TIMOTHY PITTULO