[Civ. No. 19611. Third Dist. July 30, 1981.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF YUBA COUNTY, Respondent;
JAMES B., a Minor, Real Party in Interest.

COUNSEL

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Gregory W. Baugher and James Ching, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Cathleen A. Williams, under appointment by the Court of Appeal, for Real Party in Interest.

OPINION

**PUGLIA, P. J.**—By this petition for extraordinary writ, the People seek review of an order denying their motion pursuant to Welfare and Institutions Code section 707, to find real party in interest James B. (minor) unfit for treatment under the Juvenile Court Law. (All statutory references are to sections of the Welfare and Institutions Code unless otherwise indicated.) Specifically, the People challenge the failure of the juvenile court to make findings as to each of five criteria enumerated in subdivision (c) of section 707. We have concluded that the People are entitled to relief and that mandamus is the appropriate remedy.

In June 1979, the minor was adjudged a ward of the juvenile court under section 602. Almost a year later a supplemental petition was filed alleging, inter alia, that the minor committed "assault . . . with a deadly weapon, to wit, a shotgun, or by means of force likely to produce great bodily injury." (Pen. Code, § 245, subd. (a).) At the "fitness" hearing pursuant to the People's section 707 motion, the court reviewed the minor's "file" and denied the motion to treat him as an adult. The court recited the following reasons for its ruling: ". . . I've read the police report and the dispositions and procedures and available remedies and sources of remedies that are present in Juvenile Court; they will suffice, and have not been totally exhausted."

The trial court's order does not meet the express requirements of section 707, as amended in 1979 and fully applicable to the minor who at the time of the offenses alleged in the supplemental petition was 16 years old. Under the amended statute, a minor who is 16 years of age or older and accused of assault with a firearm or by means of force likely to produce great bodily injury (§ 707, subds. (b)(13), (b)(14)) is: ". . . presumed to be not a fit and proper subject to be dealt with under the juvenile court law unless the juvenile court concludes, based upon evidence, which evidence may be of extenuating or mitigating circumstances, that the minor would be amenable to the care, treatment, and training program available through the facilities of the juvenile court based upon an evaluation of each of the following criteria:

"(1) The degree of criminal sophistication exhibited by the minor.

"(2) Whether the minor can be rehabilitated prior to the expiration of the juvenile court's jurisdiction.

"(3) The minor's previous delinquent history.

"(4) Success of previous attempts by the juvenile court to rehabilitate the minor.

"(5) The circumstances and gravity of the offenses alleged to have been committed by the minor.

"A determination that the minor is a fit and proper subject to be dealt with under the juvenile court law shall be based on a finding of amenability after consideration of the criteria set forth above, and find-

ings therefor recited in the order as to ... each and every one of the above criteria...." (§ 707, subd. (c); Stats. 1979, ch. 1177, § 2.)

■ The findings required by section 707 are a mandatory precondition to a determination of amenability. To dispel the statutory presumption of unfitness impressed upon the minor by section 707, the trial court can proceed in but one way: a finding of amenability must be based on evidence and supported by findings "recited in the order" addressed "to each and every one of the [five enumerated] criteria" set forth in section 707. Absent substantial compliance with the statute, the presumption of unfitness subsists and a finding of amenability contrary thereto is unauthorized by law, invalid and therefore in excess of the trial court's jurisdiction. (See *People v. Superior Court (Edmonds)* (1971) 4 Cal.3d 605, 608-611 [94 Cal.Rptr. 250, 483 P.2d 1202].)

Our disposition of the merits foreshadows resolution of the remaining issue tendered by the minor's contention that a remedy by extraordinary writ is not available to the People in these circumstances. ■ "If the prosecution has not been granted by statute a right to appeal, review of any alleged error may be sought by a petition for writ of mandate *only* when a trial court has acted in excess of its jurisdiction and the need for such review outweighs the risk of harassment of the accused. (*People v. Superior Court (Howard)* (1968) 69 Cal.2d 491, 499-501 [72 Cal.Rptr. 330, 446 P.2d 138]; *People v. Superior Court (Edmonds)* (1971) 4 Cal.3d 605, 608-609 [94 Cal.Rptr. 250, 483 P.2d 1202]; *People v. Superior Court (Levy)* (1976) 18 Cal.3d 248, 251-252 [133 Cal.Rptr. 624, 555 P.2d 633]; *People v. Drake* (1977) 19 Cal.3d 749, 758-759 [139 Cal.Rptr. 720, 566 P.2d 622].) Mandate is not available to the prosecution for review of 'ordinary judicial error' (*People v. Krivda* (1971) 5 Cal.3d 357, 364, fn. 5 [96 Cal.Rptr. 62, 486 P.2d 1262]) or even 'egregiously erroneous' orders (*People v. Valenti* (1957) 49 Cal.2d 199, 204 [316 P.2d 633]; *People v. Superior Court (Howard), supra,* 69 Cal.2d at p. 498) when the order or ruling 'on its face is a timely exercise of a well-established statutory power of trial courts ... from which no appeal is provided in section 1238.' (*People v. Drake, supra,* 19 Cal.3d at p. 759.) Were the rule otherwise, '"the People [would have] the very appeal which the Legislature has denied to them. [Citations.]"'" (Fn. omitted; italics in original; *People v. Superior Court (Stanley)* (1979) 24 Cal.3d 622, 625-626 [156 Cal.Rptr. 626, 596 P.2d 691].)

Although juvenile proceedings are not criminal (§ 203) and not controlled in all respects by the rules on criminal appeal, the jurisdictional analogy to criminal proceedings drawn from *Stanley* and cases cited there is persuasive in the instant circumstances (*People v. Superior Court (John D.)* (1979) 95 Cal.App.3d 380, 386 [157 Cal.Rptr. 157]).

■ The People have no right of appeal from the order declaring the minor fit and proper for treatment by the juvenile court (§ 800). If writ review is likewise unavailable, there is no means to correct a clear departure from statutorily authorized procedure. By ignoring the mandated procedures of section 707 and its presumption of unfitness, the trial court fell into more than ordinary judicial error. The trial court's order is not only without statutory authority, it is directly contrary to the specific statutory procedure governing fitness hearings. It therefore constitutes an act in excess of jurisdiction amenable to correction by extraordinary writ if that can be accomplished without subjecting the minor to the danger of further trial or retrial.

There is no such danger. Section 707 proceedings are preliminary to a plenary hearing and merely determine whether that hearing will be in juvenile court or criminal court. Irrespective of the decision in the fitness proceeding a trial in one or the other of those forums will follow. We conclude that the People are entitled to writ review of the trial court's section 707 order. (*People v. Superior Court (Edmonds)*, *supra*, 4 Cal.3d at pp. 608-611; *People v. Superior Court (John D.)*, *supra*, 95 Cal.App.3d at pp. 385-387; *People v. Superior Court (Martin)* (1979) 98 Cal.App.3d 515, 518-520 [159 Cal.Rptr. 625]; *People v. Municipal Court (Bonner)* (1980) 104 Cal.App.3d 685, 692-695 [163 Cal.Rptr. 822].)

*People v. Superior Court (Stanley)*, *supra*, 24 Cal.3d 622, does not dictate a contrary result. There the prosecution sought review by extraordinary writ of a trial court order granting a change of venue. Emphasizing that the People "challenge[d] the *decision* of the trial court rather than its *authority* to order the change of venue" (italics added; p. 626), the Supreme Court held the People were not entitled to review of that decision by extraordinary writ (at p. 628). In contrast, the challenge here is not to the exercise of the court's discretion but to the lack of authority to act as it did.

Although the People have petitioned by way of writ of prohibition and we have issued an order to show cause as to such relief, we think

the more appropriate remedy is mandate. (See *Alfred B.* v. *Superior Court* (1970) 3 Cal.3d 718 [91 Cal.Rptr. 605, 478 P.2d 37]; *Jesus G.* v. *Superior Court* (1977) 72 Cal.App.3d 219, 224 [139 Cal.Rptr. 846].) Accordingly, we treat the petition as one for writ of mandamus. (*Babb* v. *Superior Court* (1971) 3 Cal.3d 841, 850 [92 Cal.Rptr. 179, 479 P.2d 379].)

Let a peremptory writ of mandate issue directing respondent juvenile court to vacate its order finding the minor a fit and proper subject to be dealt with under the Juvenile Court Law and to take further proceedings consistent with this opinion. The stay previously issued will remain in effect pending finality of this opinion at which time it will terminate without further order of court. The order to show cause, having served its purpose, is discharged.

Regan, J., and Reynoso, J., concurred.