[No. D019982. Fourth Dist., Div. One. Apr. 21, 1994.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
JOHNATON SAMPSON GEORGE, Real Party in Interest.

**COUNSEL**

Edwin L. Miller, Jr., District Attorney, Thomas F. McArdle, Robert C. Phillips and Richard J. Sachs, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Roberta K. Thyfault, under appointment by the Court of Appeal, and Robert F. Bourne for Real Party in Interest.

OPINION

**WORK, Acting P. J.**—The People petition for a writ of mandate after the court denied Johnaton Sampson George's (George) motion to represent himself in this capital case. The People contend the court based its denial on the impermissible grounds George is a security risk and seeks self-representation only to acquire privileges in jail. Under *Faretta* v. *California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525], a defendant must be allowed to proceed pro se upon a timely motion and a voluntary and intelligent waiver of his or her right to counsel. We conclude the court exceeded its jurisdiction by relying on unauthorized grounds to deny George his right of self-representation. Accordingly we grant the petition and vacate the stay issued on December 3, 1993.

### FACTUAL AND PROCEDURAL BACKGROUND

George is charged with nine felonies, including murder committed while perfecting an escape from lawful custody and battery upon a peace officer.[1] The People seek the punishment of death.

On August 9, 1993, George filed a motion in propria persona to relieve his two appointed attorneys, Elizabeth A. Barranco (Barranco) and Robert F. Bourne (Bourne), and to represent himself. At that time, trial was set for February 18, 1994.

---

[1] All statutory references are to the Penal Code.

The information filed on January 21, 1993, charged George with:

Count 1: Murder with personal use of a firearm (§§ 187, subd. (a), 12022.5, subd. (a)), with a special circumstance allegation the murder was committed in attempting to perfect an escape from lawful custody (§ 190.2, subd. (a)(5)), and four special circumstance allegations the murder was committed while in flight after attempting a robbery (§§ 211, 190.2, subd. (a)(17)(i)).

Count 2: Robbery with personal use of a firearm (§§ 211, 12022.5, subd. (a)).

Count 3: Attempted first degree robbery of an operator of a motor vehicle used for transportation of persons for hire, with personal use of a firearm (§§ 664, 211, 212.5, subd. (a), 12022.5, subd. (a)).

Count 4: Robbery with the intent to inflict great bodily injury (§§ 211, 12022.7).

Count 5: Battery upon a peace officer (§ 243, subd. (c)).

Count 6: Attempted robbery with the intent to inflict great bodily injury (§§ 664, 211, 12022.7).

Count 7: Attempted murder with premeditation and personal use of a firearm (§§ 664, 187, subd. (a), 189, 12022.5, subd. (a)).

Count 8: Escape by force and violence from lawful custody with felony charges pending (§ 4532, subd. (b)).

Count 9: Robbery (§ 211).

The information also alleges George has been convicted of two prior serious felonies (§ 667, subd. (a)), one violent prison prior (§ 667.5, subd. (a)), and two prison priors (§ 667.5, subd. (b)).

Barranco filed separate points and authorities in support of George's motion and asked to be relieved as counsel of record. However Barranco expressed concern for George's mental capacity, based on confidential information she obtained from a neuropsychologist. The court ordered George to undergo a psychiatric examination to determine his mental capacity to waive the right to assistance of counsel.

At the hearing on October 1, the People presented testimony of the jail watch commander to show George would be classified as a high-risk inmate.[2] Under that classification, George would have limited access to telephones, the law library and other materials to prepare his defense.

The court granted Barranco's motion to be relieved but denied George's motion for self-representation on the basis he is a security and escape risk. The court relied on the psychiatrist's opinion George possesses the necessary mental skills to make an effective waiver of his right to counsel, but was motivated to represent himself in order to gain privileges which could aid him to escape.[3] The court found George competent but did not take his waiver. Calling him an "extreme risk," the court explained George could not have access to persons in the courtroom unhindered by restraint and "to restrain him in an appropriate way would be a clear violation of his constitutional right to have a fair and impartial . . . hearing."

George did not petition. The People sought extraordinary relief on November 12, arguing the denial of self-representation was reversible error per se and would engender two trials. We stayed proceedings and asked George to respond. Attorney Bourne responded, indicating he was "authorized to oppose the petition" but George was not familiar with the petition and "time constraints" would not permit George to verify the response. Bourne argued the People lack standing to seek review, regardless of any error.

We issued an order to show cause on December 3, provided George with copies of the petition, exhibits and opposition, and directed George to either verify Bourne's opposition or file his own response to the petition. George responded he could not join in Bourne's opposition because he wants to represent himself. He expressed concerns the People were interfering with his ability to prepare a defense.

We directed Bourne to inform this court whether he wished to withdraw his opposition or join in George's opposition. Bourne indicated he could do

---

[2]George was in the process of being transferred from federal to state custody at the time of the hearing.

[3]The parties did not include the report in this record and do not dispute George's competency to waive his right to counsel or the timeliness of his request.

neither. We then appointed Attorney Roberta K. Thyfault (Thyfault) to represent George in this original proceeding and calendared argument.

In a supplemental response verified by George, Thyfault reiterated the People lack standing to seek review. Thyfault also urged the superior court should be directed to conduct both a *Marsden*[4] hearing and a hearing to determine what restrictions will be placed on George's self-representation privileges before taking his waiver.

## DISCUSSION

■ In *Faretta* v. *California, supra,* 422 U.S. 806, the United States Supreme Court held a defendant has an implied right of self-representation under the Sixth and Fourteenth Amendments. The only determination a trial court must make when presented with a timely *Faretta* motion is whether the defendant has the mental capacity to waive his constitutional right to counsel with a realization of the probable risks and consequences of his action. (*People* v. *Joseph* (1983) 34 Cal.3d 936, 943 [196 Cal.Rptr. 339, 671 P.2d 843].)

The "court must permit a defendant to represent himself upon ascertaining that he has voluntarily and intelligently elected to do so . . . ." (*People* v. *Joseph, supra,* 34 Cal.3d at p. 943.) Only where a defendant is so under-educated and inarticulate that self-representation would make the trial a mockery, will self-representation be denied. (*People* v. *Manago* (1990) 220 Cal.App.3d 982, 988 [269 Cal.Rptr. 819].)

Here, the court improperly created a criterion of "extreme dangerousness" to deny George his absolute right of self-representation. In so doing, the court acted in excess of jurisdiction. There is simply no authority to deny a defendant the right of self-representation because the defendant poses a real or perceived threat or harbors an ulterior motive.

■ In the case of "ordinary judicial error," the People have no right of review by extraordinary writ where they have not been given a statutory right of appeal. (*People* v. *Superior Court (Stanley)* (1979) 24 Cal.3d 622, 626-627 [156 Cal.Rptr. 626, 596 P.2d 691].) However where the need to correct "extraordinary judicial error" outweighs the risk of harassment to the accused, a petition by the People will lie. (*People* v. *Superior Court (Martin)* (1979) 98 Cal.App.3d 515, 518-520 [159 Cal.Rptr. 625].) Because the error here is manifest and reversible per se and the writ proceeding in no way harasses George, we conclude the People's petition is properly before us.

[4]*People* v. *Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44].

We are mindful of the court's concerns for the safety of persons in the courtroom and the prejudice in the minds of the jurors on viewing a defendant in physical restraints. The potential for violence in the courtroom is not uncommon and a showing of manifest need will justify physical restraints. (*People* v. *Duran* (1976) 16 Cal.3d 282, 291 [127 Cal.Rptr. 618, 545 P.2d 1322, 90 A.L.R.3d 1].) However physical restrictions on a defendant do not preclude self-representation. (See *People* v. *Clark* (1992) 3 Cal.4th 41, 146-147 [10 Cal.Rptr.2d 554, 833 P.2d 561].) The custodial circumstances George will face in both preparing for and presenting his defense pro se must be made known to him prior to his waiver.[5]

## DISPOSITION

Let a writ of mandate issue directing the superior court to vacate its order denying George's motion for self-representation and to conduct a hearing to inform George of his custodial circumstances and to provide an opportunity to waive his right of self-representation. Pursuant to California Rules of Court, rule 24(d), this opinion is made final as to this court in five days. The stay issued on December 3, 1993, will vacate upon issuance of the remittitur.

Huffman, J., and Froehlich, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied June 16, 1994. Mosk, J., was of the opinion that the petition should be granted.

---

[5]We do not address the request for a *Marsden* hearing, which is properly directed in the trial court.