[Civ. No. 50883. Second Dist., Div. Four. July 29, 1977.]

JESUS G., a Minor, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES
COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Wilbur F. Littlefield, Public Defender, John J. Gibbons, Michelle M. Rodenborn and Albert J. Menaster, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Roderick W. Leonard, Deputy District Attorneys, for Real Party in Interest.

## OPINION

KINGSLEY, Acting P. J.—On January 18, 1977, a petition was duly filed, alleging that Jesus was a person within section 602 of the Welfare and Institutions Code in that he was guilty of a violation of section 10851 of the Vehicle Code (joyriding), two violations of section 217 of the Penal Code (attempted murder), and one violation of section 211 of the Penal Code (robbery). On January 25, 1977, after extended proceedings, a referee, in a proceeding under section 707 of the Welfare and Institutions Code, found him to be fit for juvenile court proceedings. On the request of the People, a rehearing was held before a judge who found him unfit. The only findings in that order were as follows:

"The Court Finds: The minor not fit to be tried under the Juvenile Court Law.

"Court Finds: The circumstances and gravity of the offense alleged to have been committed by the minor."

On petition of the minor, we issued our alternative writ of mandate, directing the juvenile court either to "(a) vacate and set aside the order of March 31, 1977, finding petitioner unfit to be tried in juvenile court, and enter a new and different order determining the question based upon a legally sufficient statement of reasons (see *People* v. *Chi Ko Wong* (1976) 18 Cal.3d 698 [135 Cal.Rptr. 392, 557 P.2d 976]), or . . ." to show cause why we should not issue a peremptory writ.

On May 26, 1977, purportedly in compliance with that writ, the juvenile court vacated its earlier order and entered a new order in the following language:

"This court sets forth the following findings in the disposition proceeding of petition filed on March 1, 1977, having read and considered the social study filed and said report admitted in evidence by reference:

"The court finds that minor is not a fit and proper subject to be dealt with under the Juvenile Court Law in that minor was 16 years of age or over and that the minor would not be amenable to the care, treatment, and training program available through the facilities of the Juvenile Court based on the circumstances and gravity of the offense alleged to have been committed by the minor."

The new order of May 26, 1977, did not comply with our alternative writ, nor with the requirements of section 707 of the Welfare and Institutions Code. In its present form, that section, insofar as is here pertinent, reads as follows:

"(a) In any case in which a minor is alleged to be a person described in Section 602 by reason of the violation, when he was 16 years of age or older, of any criminal statute or ordinance except those listed in subdivision (b), upon motion of the petitioner made prior to the attachment of jeopardy the court shall cause the probation officer to investigate and submit a report on the behavioral patterns and social history of the minor being considered for unfitness. Following submission and consideration of the report, and of any other relevant evidence which the petitioner or the minor may wish to submit the juvenile court may find that the minor is not a fit and proper subject to be dealt with under the juvenile court law if it concludes that the minor would not be amenable to the care, treatment and training program available through the facilities of the juvenile court, based upon an evaluation of the following criteria:

"(1) The degree of criminal sophistication exhibited by the minor.

"(2) Whether the minor can be rehabilitated prior to the expiration of the juvenile court's jurisdiction.

"(3) The minor's previous delinquent history.

"(4) Success of previous attempts by the juvenile court to rehabilitate the minor.

"(5) The circumstances and gravity of the offense alleged to have been committed by the minor.

"A determination that the minor is not a fit and proper subject to be dealt with under the juvenile court law may be based on any one or a

combination of the factors set forth above, which shall be recited in the order of unfitness. In any case in which a hearing has been noticed pursuant to this section, the court shall postpone the taking of a plea to the petition until the conclusion of the fitness hearing, and no plea which may already have been entered shall constitute evidence at such hearing."

The findings now before us do not meet those requirements. Although, under the present statute, the gravity of the offense charged may be considered alone, the required finding is still, as the Supreme Court said in *Chi Ko Wong*, not the fact of the crime, but whether, considering all the evidence properly before the court, the circumstances of the crime make prosecution in an adult court the proper disposition. The order before us tells us nothing as to the particular "circumstances" of any of the six alleged offenses, nor in what way they were of such "gravity" to render the minor unfit for juvenile court proceedings. It is to be noted that, in subdivision (b) of section 707, the Legislature has listed 11 criminal offenses which, prima facie, render a juvenile over the age of 16 unfit; the order herein involved did not refer to any of the offenses so listed. It follows that something more as to the circumstances and gravity of at least one of the six alleged offenses must expressly be set forth in an order of unfitness.

In *People* v. *Chi Ko Wong, supra,* 18 Cal.3d 698, the Supreme Court, after declaring the rule that, in section 707 proceedings, more than mere conclusionary language must appear in the order, looked at the record before the juvenile court and concluded that, on that record, no order other than one of unfitness could have been made, and declined to upset the order even though it, by itself, was insufficient.

We need not, in the case at bench, decide whether that rule is applicable, in all future cases, to save insufficient orders of unfitness, because the record before us is not such as to permit us to overlook the inadequacy of the formal order. The record before us contains only the probation officer's report. The facts set forth in that report led both the probation officer and the referee who heard the section 707 proceeding in the first instance to conclude that Jesus was fit to be tried in juvenile court. On that record, both the minor and this court are entitled to a full and express statement, in nonconclusionary terms, showing why the judge, on rehearing, although authorized to do so, decided to disagree with the conclusions of the probation officer and of the referee.

Let a peremptory writ of mandate issue, directing the juvenile court, in its case No. Juvenile 022723, to vacate its order of May 26, 1977, and to enter a new and different order conforming to this opinion.

Dunn, J., and Jefferson (Bernard), J., concurred.