[Civ. No. 60351. Second Dist., Div. One. Dec. 31, 1980.]

FRANCISCO R., a Minor, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Ernest C. Chen, under appointment by the Court of Appeal, and King & Chen for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, District Attorney, Donald J. Kaplan and George M. Palmer, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**HANSON (Thaxton), J.**—Petitioner, a minor, seeks review of an order finding the minor not a fit and proper subject to be dealt with under the Juvenile Court Law.

The minor was arrested for alleged conduct which, if committed by an adult, would be a violation of Penal Code section 459 (burglary), and a petition was filed under Welfare and Institutions Code section 602.[1]

The People moved for a finding of unfitness for juvenile court under section 707. The minor states, and the People deny, that the trial deputy district attorney acknowledged that the only evidence presented at the fitness hearing consisted of the probation officer's report.

The probation officer's report indicates that the minor and two other juveniles drove to an affluent area of Los Angeles County, knocked on the door of a residence, and receiving no answer entered the residence through a window. The minor was observed leaving the residence in the possession of a box. The minor and his two companions engaged in substantially the same conduct at a second residence. The property loss was described by the probation officer as "relatively mild," and all of the property taken was recovered when the minor and his companions were stopped by the police. There was some destruction to the interior of the residences.

In the probation officer's report, it is also stated that the minor came to the United States about one year ago because the minor had been unhappy attending school and disliked working, both of which his mother insisted upon. The minor's only job in this country was for approximately six weeks. The minor had supported himself during that year by gambling and committing numerous residential burglaries. The minor stated that the burglaries usually occurred in affluent residential areas because the chances of obtaining valuable property were greater.

---

[1] It is impossible from the record before this court to know if it was alleged in the Welfare and Institutions Code section 602 petition that petitioner committed more than one burglary as petitioner has not furnished this court with a copy of that petition. The record before this court does indicate that two counts of burglary have been charged in the felony complaint which was filed in the adult court.

Unless otherwise indicated, all statutory references are to the Welfare and Institutions Code.

The minor usually obtained rides to these areas from friends who occasionally would join the minor in the burglaries. The minor told the probation officer that he was interested in finding employment which the minor recognized might be difficult due to the minor's age. The probation officer was unable to verify the minor's date of birth.

The probation officer was also unable to contact the minor's parents as the minor did not know the exact address and stated that the parents did not have a telephone.

The police officers interviewed by the probation officer stated that petitioner and his two companions had falsified their ages and identification when arrested for burglary in 1979. The officers suspected that the minor and his companions were part of a professional burglary ring. There had been 10 to 15 recent residential burglaries with a similar modus operandi. The officers expressed their opinion that the minor had manipulated the legal system because of the two times the minor had avoided prosecution by deportation.

The probation officer concluded in his report that it was necessary to assume that the minor was 16, that the minor was only somewhat sophisticated in the area of law violation because the minor frequently left behind incriminating evidence, that the minor was not functioning as an adult, and that there had been no previous attempt to rehabilitate the minor in the juvenile court system. A finding of fitness was recommended.

In a minute order dated August 20, 1980, the trial court found the minor unfit and further found (by checking the appropriate box on the form minute order) that the following criteria render the minor not a fit and proper subject to be dealt with under the Juvenile Court Law: the degree of criminal sophistication exhibited by the minor; the minor can/cannot be rehabilitated prior to the expiration of the juvenile court's jurisdiction; the minor's previous delinquent history; and the circumstances and gravity of the offense alleged to have been committed.

By way of petition for extraordinary relief, the minor sought review of the August 20, 1980, order. In that petition, the minor stated that the issues were (1) whether respondent court's finding that the degree of criminal sophistication exhibited by the minor was legally sufficient; (2) whether respondent court's finding that the minor cannot be rehabilitated prior to the expiration of the juvenile court's jurisdiction was

supported by sufficient evidence; (3) whether respondent court's finding of unfitness based on petitioner's prior delinquent history was clearly erroneous; and (4) whether respondent court's finding that the circumstances and gravity of the offense alleged warranted its determination that petitioner was unfit to be tried in juvenile court was legally sufficient.

The only exhibits lodged in support of that petition were copies of the People's motion to find the minor unfit, the probation report, the August 20, 1980, minute order, and the felony complaint filed in the adult court.

After concluding that petitioner had not supplied this court with a sufficient record of the proceedings in the trial court, this court summarily denied the petition.

The minor sought a hearing in the California Supreme Court which made the following order: "Petition for hearing granted. The matter is ordered transferred to this court and retransferred to the Court of Appeal, Second District, Division One, with directions to issue an alternative writ of mandate directing the Los Angeles County Superior Court to vacate its order of certification to adult court in In re Francisco R. (Juv. Ct. No. J406568), or to show cause why it should not do so. (*People* v. *Chi Ko Wong* (1976) 18 Cal.3d 698 [135 Cal.Rptr. 392, 557 P.2d 976]; *Jesus G.* v. *Superior Court* (1977) 72 Cal.App.3d 219 [139 Cal.Rptr. 846].)"

The Supreme Court's citation of *Chi Ko Wong* and *Jesus G.* indicates that the Supreme Court is concerned with the sufficiency of the findings in the August 20, 1980, minute order.

The Supreme Court in *People* v. *Chi Ko Wong, supra*, 18 Cal.3d 698, 722, discussed the need for a statement of the reasons for finding a minor unfit for juvenile court: "The requirement of a statement of reasons for finding a minor unfit for treatment as a juvenile has previously been directly applied to a section 707 hearing. (See *Juan T.* v. *Superior Court, supra*, 49 Cal.App.3d 207, 211 [cited with approval in *In re Podesto* (1976) 15 Cal.3d 921, 937 (. . .)]; *People* v. *Browning, supra*, 45 Cal.App.3d 125, 137-138.) Our Legislature has recognized the need for such a statement as the revised section 707 provides, inter alia: 'A determination that the minor is not a fit and proper subject to be dealt with under the juvenile court law may be based on any one or a combi-

nation of the factors set forth above, *which shall be recited in the order of unfitness.*' (Stats. 1975, ch. 1266, § 4, effective Jan. 1, 1976.)

"While it is unnecessary that this statement be formal or that it include conventional findings of fact (*Kent* v. *United States, supra,* 383 U.S. 541, 561 [ . . . ]; *Juan T.* v. *Superior Court, supra,* 49 Cal.App.3d 207, 210), we believe the mere recitation of the ultimate fact, that the court finds the minor not amenable to treatment through juvenile court facilities, is insufficient to satisfy the requirement that the finding be supported by a statement of *reasons.* As noted previously, the juvenile court herein stated merely: 'The court finds the minor unfit; certifies this minor to adult court.'"

The Supreme Court in *Chi Ko Wong* found the error nevertheless harmless as the record established that the probation officer recommended that the minor be found unfit, the minor had the benefit of hearing on fitness at which hearing the minor was represented by counsel, the minor was not prejudiced by an improper evidentiary record as to previous contacts with the police, and the evidence of unfitness was overwhelming.

In *Jesus G.* v. *Superior Court, supra,* 72 Cal.App.3d 219, the juvenile court judge, on rehearing after the referee's finding of fitness and in response to the Court of Appeal's direction that it set forth the reasons for finding the minor unfit, stated in an order that the minor was unfit based on "'the circumstances and gravity of the offense alleged to have been committed by the minor.'" (72 Cal.App.3d at p. 222.) The *Jesus G.* court determined that written order insufficient because the required finding is not the mere fact of the crime but whether in view of all the circumstances before the court, the circumstances of the crime make prosecution in the adult court proper. The Court of Appeal pointed out that the order did not describe the circumstances of the crime nor indicate in what way the six offenses were of such gravity as to support an unfitness finding. As the six offenses were offenses within subdivision (a) of section 707 in which it is presumed that the minor is fit, the court stated that something more about the circumstances and gravity of at least one of the offenses "must expressly be set forth in an order of unfitness." (*Jesus G.* v. *Superior Court, supra,* 72 Cal.App.3d at p. 223.) The court then concluded that the absence of any record beyond the probation officer's report and the minute order compelled a remand of the matter for a full and express statement, in nonconclu-

sionary terms, showing why the judge on rehearing disagreed with the conclusions of the probation officer and the referee.

 The present case can be distinguished from *Jesus G.* in that the juvenile court here based its unfitness finding on three additional criteria in addition to the circumstances and gravity of the offense.

Nevertheless, there is no discussion in *Jesus G.* as to why the court insisted that detailed written findings be stated in the juvenile court's written order. Nor is there any discussion of the minor's failure to supply a fitness hearing transcript. It is well established that it is a petitioner's duty to supply an adequate record of the proceedings in the trial court when seeking relief by extraordinary writ. (*Sherwood* v. *Superior Court* (1979) 24 Cal.3d 183, 186-187 [154 Cal.Rptr. 917, 593 P.2d 862].)

Rule 1348(c) of the California Rules of Court provides that if the court in a case under subdivision (a) of section 707 determines that the minor is unfit, it shall recite in the order that the minor was 16 years or older at the time of offense, that the minor is not a fit and proper subject to be dealt with under Juvenile Court Law, and that "[T]he minor would not be amenable to the care, treatment, and training program available through the facilities of the juvenile court, based upon any one or a combination of the criteria set forth in [rule 1348] subdivision (b) (2), *which criteria shall be specifically recited in the order;...*" (Italics added.)

 While we assume that the mere listing of the criteria in rule 1348(b) (2) (which in turn repeats the criteria in § 707) in the minute order may not in itself be sufficient to provide meaningful review (see *Kent* v. *United States* (1966) 383 U.S. 541, 561 [16 L.Ed.2d 84, 97, 86 S.Ct. 1045]), we also note that neither formal statement nor conventional findings of fact are required (*ibid.*; *People* v. *Chi Ko Wong, supra,* 18 Cal.3d 698) and that it is sufficient if the trial court's reasons be set forth at the fitness hearing as the minor may obtain a transcript of that hearing for "meaningful review" of the unfitness order.

Indeed, it is apparent in *Chi Ko Wong* and in *Juan T.* v. *Superior Court* (1975) 49 Cal.App.3d 207 [122 Cal.Rptr. 405], that the sufficiency of the unfitness finding was determined from transcript of the fitness hearing. (See also *People* v. *Browning* (1975) 45 Cal.App.3d 125

[119 Cal.Rptr. 420], in which the court considered the transcript of the fitness hearing at length.)

The four criteria in the August 20, 1980, minute order are four of the six criteria set forth in rule 1348(b) (2). Without the benefit of a transcript of the fitness hearing and without knowing the evidence before the court at the fitness hearing, we cannot presume that the trial court failed to follow the guidelines set forth in *People* v. *Chi Ko Wong, supra*, 18 Cal.3d 698, and in rule 1348(c) (2) merely because detailed written findings are not set forth in the minute order when petitioner could have furnished this court with a transcript of the fitness hearing but elected not to do so. The transcript in this case would have allowed this court to know what evidence was before the trial court and would have enabled a determination as to the merits of the insufficient evidence and insufficient findings contentions raised by petitioner. Under such circumstances, error will not be presumed. (*Sherwood* v. *Superior Court, supra*, 24 Cal.3d 183.)

That conclusion is not altered because the trial court's minute order of August 20, 1980, fails to delete the word "can" from its finding which would have made clear that the minor "cannot" be rehabilitated prior to the expiration of the juvenile court's jurisdiction. By attacking the finding that he cannot be rehabilitated prior to the expiration of the juvenile court's jurisdiction, the minor expresses a lack of concern over the failure to delete the word "can." It is obvious, therefore, that the court's finding in this regard was that the minor cannot be rehabilitated prior to the expiration of the juvenile court's jurisdiction, which probably was clearly stated at the oral hearing and reflected in the transcript which the minor has elected not to supply this court.

### DISPOSITION

The alternative writ is discharged and the petition for writ of mandate is denied.

Spencer, P. J., and Lillie, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied March 18, 1981.