[No. B042166. Second Dist., Div. Four. Aug. 14, 1989.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
ROBERT L., a Minor, Real Party in Interest.

**COUNSEL**

Ira Reiner, District Attorney, Donald J. Kaplan and George M. Palmer, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Wilbur F. Littlefield, Public Defender, Alan H. Simon, Leslie Flynn and Sue Robin Pollock, Deputy Public Defenders, for Real Party in Interest.

OPINION

**GEORGE, J.**—The People seek a writ of mandate[1] to compel the juvenile court to vacate its order denying the People's motion to find real party in interest (the minor) "not a fit and proper subject to be dealt with under the juvenile court law." (Welf. & Inst. Code, § 707, subd. (c).)[2] We conclude the juvenile court acted in excess of its jurisdiction and grant the relief requested because the findings of the court below are insufficient to support the court's ruling that the evidence before it overcame the statutory presumption of unfitness applicable to juveniles charged with murder.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 1, 1989, the People filed a petition pursuant to section 602 to have the minor declared a ward of the juvenile court. The petition (as amended Mar. 28, 1989) alleges that on February 25, 1989, the minor, who was then 16 years of age, murdered Jasmine Guevara in violation of Penal Code section 187 (count 1), attempted to murder Blanca Guevara in violation of Penal Code sections 664 and 187 (count 2), discharged a firearm from a motor vehicle at another person not an occupant of a motor vehicle in violation of Penal Code section 12034, subdivision (c) (count 3), assaulted Blanca Guevara with a firearm in violation of Penal Code section 245, subdivision (a)(2) (count 4), unlawfully drove or took an automobile in violation of Vehicle Code section 10851 (count 5), and conspired in violation of Penal Code section 182 to commit the offenses of murder, assault with a deadly weapon, and "drive by shooting" (count 6). (Pen. Code, §§ 187, 245, subd. (a)(2), 12034, subd. (c).) The petition further alleges that a principal in the commission of the offenses charged in counts 1 and 2 was armed with a firearm within the meaning of Penal Code section 12022, subdivision (a), and that the offenses alleged in counts 1 through 4 were "committed for the benefit of, at the direction of, and in association with a criminal street gang" within the meaning of Penal Code section 186.22, subdivision (b)(2).

On March 2, 1989, the People filed a motion pursuant to section 707 to have the minor declared unfit to be dealt with under the juvenile court law. Attached to the People's motion were several police reports and applications for arrest warrants and for a search warrant. No written opposition to the motion was filed. Pursuant to court order, the Los Angeles County Probation Department filed a report, which recommended that the minor be found unfit to be the subject of juvenile court proceedings.

---

[1] See California Rules of Court, rule 1348(k).

[2] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

In summarizing the circumstances of the offense, the latter report relates that the murder victim, 11-year-old Jasmine Guevara, was walking on the sidewalk in front of an apartment building with her aunt, Blanca Guevara, and Jasmine's 14-year-old sister Melba. Without warning, a shotgun was fired from a passing vehicle, inflicting wounds to Jasmine's head and to the face and neck of her aunt. Jasmine died at the scene of the shooting, and her aunt was hospitalized in critical condition, paralyzed from the neck down. The shotgun blasts shattered the windows of an occupied apartment, but the five occupants were not injured.

At some time prior to the commission of the offenses, a different automobile than that used in the shooting had driven by the same apartment building, and the occupants of the vehicle had yelled "Westside Burlington," a reference to the Burlington Locos street gang.

The minor, whose nickname is "Bullet," was detained with fellow members of the Burlington Locos street gang on unrelated charges and was asked for information regarding the murder. The minor denied involvement but promised to obtain information regarding the crime and contact the police. A few days later, the minor again was interviewed by the police and, in the words of the probation department report, "admitted involvement in the murder . . . after planning and agreeing to commit the crime" with two "co-conspirators."

A report submitted in the minor's behalf by psychologist Ronald Fairbanks described the minor "as a very cooperative and sensitive young man" and notes that during the interview "on several occasions he became teary [and] on one occasion actually wept . . . ." Regarding the murder, the report states: "[the minor] was quite specific that he in fact did drive the car and that he was very nervous during the situation and that apparently someone in the car did fire a gun at the individuals in the drive by and that an 11 year old girl was killed." The report states: "this examiner's impression was that [the minor] was admitting to his crime, was experiencing remorse and regret regarding it and was much more sensitive than one would expect of a young man who was involved in a gang." The report concludes, "[the minor] needs the help of the Juvenile System whereas this examiner feels that it would be destructive for him to be placed in the adult system."

The People's motion to have the minor declared unfit was submitted to the juvenile court on the basis of the probation department's report, the

report of Psychologist Fairbanks, and the arguments of counsel.[3] The court ruled as follows: "THE COURT: . . . [T]he minor does meet every criteria for being found unfit. Meets the criteria for being found unfit, degree of sophistication, prior rehabilitation, circumstances, gravity of the offense.

"MS. FLYNN [defense counsel]: Your Honor, I would just like to submit to the court petition that was circulated by Robert's parents through the neighborhood regarding their feelings about Robert. I've shown it to the district attorney.

"THE COURT: Anything further?

"MR. BRADLEY [prosecutor]: Submit it.

"THE COURT: Well, this is a tough one. I mean, it's just not a clear definition as to the minor's mental state. However, the court takes into consideration that this case probably never would have come to being if it hadn't been for the minor's cooperation with the police department. [¶]The court finds the minor willingly remained there, talked to the police. I doubt very seriously anything would have ever linked up the co-conspirators with this minor to the admission of this offense. I hope I'm right, Robert. [¶] The court will find the minor fit for the juvenile court. The court will find there is sufficient time to rehabilitate the minor. The court finds some remorse. Some ability through the juvenile justice system to work toward the rehabilitation of the minor. I hope I'm right, Robert.

"MR. BRADLEY: With regard to the other four criteria, Your Honor, would the court make something for the record, please.

"THE COURT: Well, as to the degree of criminal sophistication by the minor, minor's prior record consists primarily of theft offenses involving the theft of automobiles and not actually crimes of any type of violence. In this particular situation, the minor was not the person who fired the weapon. It is indicating the minor drove the vehicle. As indicated from his own statement, it's not certain the minor was aware of what was to transpire. The minor has never previously been in camp or any other type of custody. He has been home on probation. [¶]In that regard, the minor has not been completely rehabilitated by probation. There has not been strict structure of the minor, and obviously, the circumstances of the offense as such I find the minor fit. However, the minor was not the person who actually fired the weapon in the particular crime."

---

[3] See California Rules of Court, rule 1348(a); *People v. Chi Ko Wong* (1976) 18 Cal.3d 698, 716-719 [135 Cal.Rptr. 392, 557 P.2d 976]; *People v. Superior Court (Steven S.)* (1981) 119 Cal.App.3d 162, 173 [173 Cal.Rptr. 788, 22 A.L.R.4th 1140].

## DISCUSSION

*The Juvenile Court's Findings Are Insufficient to Support Its Ruling That the Evidence Overcame the Statutory Presumption That a Juvenile Charged With Murder Is Unfit to Be Dealt With Under the Juvenile Court Law*

Section 707, subdivision (c), provides that upon motion by the People, a minor who is alleged to have committed any of the offenses enumerated in subdivision (b) of section 707, including murder and assault with a firearm, when 16 years of age or older: "shall be *presumed to be not a fit and proper subject* to be dealt with under the juvenile court law unless the juvenile court concludes, based upon evidence, which evidence may be of extenuating or mitigating circumstances, that the minor would be amenable to the care, treatment, and training program available through the facilities of the juvenile court based upon an evaluation of *each* of the following criteria: [¶](1) The degree of criminal sophistication exhibited by the minor. [¶](2) Whether the minor can be rehabilitated prior to the expiration of the juvenile court's jurisdiction. [¶](3) The minor's previous delinquent history. [¶](4) Success of previous attempts by the juvenile court to rehabilitate the minor. [¶](5) The circumstances and gravity of the offenses alleged to have been committed by the minor." (Italics added.)

The statute further provides: "A determination that the minor is a fit and proper subject to be dealt with under the juvenile court law shall be based on a finding of amenability after consideration of the criteria set forth above, and *findings therefor recited in the order as to each of the above criteria* that the minor is fit and proper *under each and every one of the above criteria*." (Italics added.)

The requirement in section 707, subdivision (c), that the juvenile court state the reasons for its ruling that a minor who is alleged to have committed any of the enumerated offenses is *fit* for juvenile court proceedings was born of the parallel requirement that the juvenile court state its reasons for finding a minor *unfit* for juvenile court proceedings. The case of *Kent* v. *United States* (1966) 383 U.S. 541, 561 [16 L.Ed.2d 84, 97, 86 S.Ct. 1045] involved review of an order of a District of Columbia judge which waived the jurisdiction of the juvenile court, thus enabling the minor to be tried as an adult. The United States Supreme Court held "it is incumbent upon the Juvenile Court to accompany its waiver order with a statement of the reasons or considerations therefor. We do not read the statute as requiring that this statement must be formal or that it should necessarily include conventional findings of fact. But the statement should be sufficient to demonstrate that the statutory requirement of 'full investigation' has been

met; and that the question has received the careful consideration of the Juvenile Court; and it must set forth the basis for the order with sufficient specificity to permit meaningful review." (See also *People* v. *Browning* (1975) 45 Cal.App.3d 125, 137-138 [119 Cal.Rptr. 420], overruled on other grounds in *People* v. *Williams* (1976) 16 Cal.3d 663, 669 [128 Cal.Rptr. 888, 547 P.2d 1000].)

This requirement of a statement of reasons was codified in section 707, subdivision (a), which requires that the factors relied on by the court in finding a minor unfit be "recited in the order." (*People* v. *Chi Ko Wong, supra,* 18 Cal.3d 698, 722; Cal. Rules of Court, rule 1348(c).[4]) Subdivision (c) of section 707 imposes the *same* requirement that the factors relied upon by the court be "recited in the order" where the court finds that a minor, alleged to have committed one of the offenses enumerated in section 707, subdivision (b), is *fit* for juvenile court proceedings. (See also Cal. Rules of Court, rule 1348(g).)

In *People* v. *Superior Court* (*James B.*) (1981) 122 Cal.App.3d 263 [175 Cal.Rptr. 733], the minor was alleged to have committed an assault with a deadly weapon. The juvenile court conducted a fitness hearing and denied the People's motion pursuant to section 707, subdivision (c), to have the minor treated as an adult, reciting the following reasons for its ruling: " 'I've read the police report and the dispositions and procedures and available remedies and sources of remedies that are present in Juvenile Court; they will suffice, and have not been totally exhausted.' " (*Id.,* at p. 266.)

The Court of Appeal held the juvenile court's order was inadequate: "The findings required by section 707 are a mandatory precondition to a determination of amenability. To dispel the statutory presumption of unfitness impressed upon the minor by section 707, the trial court can proceed in but one way: a finding of amenability must be based on evidence and supported by findings 'recited in the order' addressed 'to each and every one of the [five enumerated] criteria' set forth in section 707. Absent substantial compliance with the statute, the presumption of unfitness subsists and a finding of amenability contrary thereto is unauthorized by law, invalid and therefore in excess of the trial court's jurisdiction. [Citation.]" (122 Cal.App.3d at p. 267.)

█ In the present case, unlike *James B.,* the juvenile court's oral ruling does allude to each of the five criteria. We conclude, however, that the

---

[4]The Advisory Committee Comment to rule 1348 of the California Rules of Court states that the rule "requires that when making an order of unfitness, the court must state the ultimate grounds and the factors relied upon in making that determination. This is required by section 707, as revised by Statutes of 1975, Chapter 1266, as well as by *Kent* v. *United States, supra . . . .*" (Italics added.)

court's findings are inadequate regarding the circumstances and gravity of the offenses alleged to have been committed by the minor and the degree of criminal sophistication exhibited by the minor.[5]

By analogy, in *In re Pipinos* (1982) 33 Cal.3d 189 [187 Cal.Rptr. 730, 654 P.2d 1257, 28 A.L.R.4th 205], the California Supreme Court provided guidance as to what constitutes substantial compliance with a requirement that a court provide a statement of reasons for its order. *Pipinos* arose from an order denying an application for release pending appeal. Previously, in *In re Podesto* (1976) 15 Cal.3d 921 [127 Cal.Rptr. 97, 544 P.2d 1297], the high court had relied on the decisions in *Kent* v. *United States, supra,* 383 U.S. 541, and *People* v. *Browning, supra,* 45 Cal.App.3d 125, both cases involving issues of juvenile court fitness, in holding that trial courts must "render a brief statement of reasons in support of an order denying a motion for bail on appeal." (*In re Podesto, supra,* 15 Cal.3d 921, 938.) In *Pipinos,* the court explained the rationale for this rule: "*Podesto*'s requirement of a statement of reasons seeks to ensure that the trial judge weighs the relevant considerations and that he or she recognizes and articulates the grounds for denial of bail so as not to deprive defendant of meaningful appellate review of the decision. [Fn. omitted.] The question of what constitutes an adequate statement of reasons must therefore be resolved by determining whether the statement furthers these desirable ends." (*In re Pipinos, supra,* 33 Cal.3d 189, 198.)

The trial court in *Pipinos,* like the present juvenile court, alluded to each of the required factors in making its ruling. The high court held, however, that it did not suffice merely to *mention* the salient factors: "a trial court's statement of reasons should contain more than mere findings of ultimate fact or a recitation of the relevant criteria for release on bail; the statement should clearly articulate the basis for the court's utilization of such criteria." (*In re Pipinos, supra,* 33 Cal.3d 189, 193.) Specifically, the trial court in *Pipinos* was held to have erred in making no reference to the evidence produced by the defendant: "Once defendant came forward with evidence in support of his application for release . . . the court was duty-bound to articulate its evaluative process and show how it weighed the evidence

---

[5] Minor contends the record provided by the People is inadequate to permit review because it does not include "certain tapes and videotaped statements between the minor and police officers" which were the subject of a motion to exclude evidence heard prior to the fitness hearing. Minor contends the court relied on this evidence in ruling minor was fit to be dealt with under the juvenile law.

Because we base our ruling solely on the inadequacy of the juvenile court's statement of reasons, and do not address the issue whether the court abused its discretion in declaring the minor fit for juvenile proceedings (cf. *People* v. *Superior Court (Steven S.), supra,* 119 Cal.App.3d 162, 178-188), the record provided by the People is adequate to permit review. (See *Francisco R.* v. *Superior Court* (1980) 114 Cal.App.3d 232, 239 [170 Cal.Rptr. 572].)

presented in light of the applicable standards. [Citation.] We find the court's statement inadequate as it does not identify the specific facts which persuaded the court that bail would be inappropriate in this case." (*Id.*, at p. 198.)

Certainly, if such specificity is required of a statement of reasons in an order determining the suitability of a defendant for bail on appeal, no less is compelled in a determination of juvenile court fitness, given the express mandate of section 707, subdivision (c). Absent compliance with the statutory requirement that the juvenile court evaluate the enumerated criteria and render specific findings, the presumption of unfitness applicable to minors charged with serious offenses is rendered meaningless and the parties are deprived of the opportunity for meaningful appellate review.

The ruling in the present case[6] fails to state the reasons for the court's findings that an evaluation of the circumstances and gravity of the offenses alleged to have been committed by the minor, and of the degree of criminal sophistication exhibited by the minor, overcomes the presumption that the minor is not a fit and proper subject to be dealt with under juvenile court law. Regarding the latter factor, the juvenile court stated: "Well, as to the degree of criminal sophistication by the minor, minor's prior record consists primarily of theft offenses involving the theft of automobiles and not actually crimes of any type of violence. In this particular situation, the minor was not the person who fired the weapon. It is indicating the minor drove the vehicle. As indicated from his own statement, it's not certain the minor was aware of what was to transpire."

The court's observation that the "minor's prior record consists primarily of theft offenses involving the theft of automobiles and not actually crimes of any type of violence" does not relate to the degree of criminal sophistication exhibited by the minor during the alleged commission of the *present* offenses. "The minor's previous delinquent history" is a separate and additional factor which must be considered under section 707, subdivision (c). Similarly, the circumstance, standing alone, that the minor appears to have driven the automobile rather than fired the weapon is not determinative of the degree of criminal sophistication exhibited. For example, a minor who plans a drive-by shooting, directs his coconspirators in its commission, and drives the vehicle displays far greater criminal sophistication than a minor who simply fires the weapon on the direction of another.

The only portion of the court's ruling which relates to the degree of criminal sophistication exhibited by the minor is the statement: "As indicat-

---

[6] The court below was not required to issue a written ruling; the reporter's transcript of its oral pronouncement provides a record adequate to permit meaningful review. (*Francisco R. v. Superior Court, supra,* 114 Cal.App.3d 232, 238.)

ed from his own statement, it's not certain the minor was aware of what was to transpire." The report of the probation department, however, states the "minor admitted involvement in the murder and further stated the crime was committed after *planning and agreeing* to commit the crime with his co-conspirators . . . ." (Italics added.) In recommending the minor be declared unfit for juvenile court proceedings, the report states: "*Criminal Sophistication*: The minor acting in concert with his cohorts stole a car, had a weapon also in the car, a shotgun, and deliberately the gun was fired into an open area where two innocent victims virtually [*sic*] were hit by bullets. After the crime was committed, the minor immediately returned to the scene of the crime, and pretended that he knew nothing of the crime. He stood in the midst of the crowd like he was an honest bystander. This clearly shows minor has forethought of the crime and significant sophistication." (Italics in original.)

▮ In order for a statement of reasons to be adequate, it "must clearly articulate the court's evaluative process in applying the relevant criteria to the particular facts of defendant's case." (*In re Pipinos, supra,* 33 Cal.3d 189, 205.) We previously have held that "in section 707 proceedings, more than mere conclusionary language must appear in the order . . . ." (*Jesus G. v. Superior Court* (1977) 72 Cal.App.3d 219, 223 [139 Cal.Rptr. 846].) ▮ In the present case the findings under review are inadequate because they neither reflect that the court considered the minor's admission he had planned the shooting, balancing that statement against the contrary evidence, nor articulate the court's evaluative process in applying the required criteria to the facts thus found in light of the statutory presumption of unfitness.

The court's ruling also is deficient in its evaluation of the circumstances and gravity of the offenses alleged to have been committed by the minor. The court's ruling concludes: "and obviously, the circumstances of the offense as such I find the minor fit. However, the minor was not the person who actually fired the weapon in the particular crime." Although the fact that the minor did not fire the weapon is relevant to an evaluation of the "circumstances and gravity of the offenses," it is insufficient, standing alone, to serve as a statement of reasons for the conclusion reached by the court. This single circumstance, in the context of the minor's having driven the vehicle in a drive-by, gang-related murder of an innocent child and the shooting-paralysis of her aunt, was an inadequate basis upon which to find that the presumption of unfitness had been overcome. The findings made by the court below fail to establish that, in formulating its ruling, the court evaluated the evidence before it in light of the legislatively mandated presumption of unfitness, as required by section 707, subdivision (c).

## DISPOSITION

Let a peremptory writ of mandate issue directing respondent to vacate its order of May 4, 1989, in Los Angeles Superior Court Case No. J024150, entitled People v. Robert L., a minor, denying petitioner's motion to find the minor unfit to be dealt with under the juvenile court law, and to proceed in accordance with the views expressed in this opinion.

The temporary stay issued by this court on June 8, 1989, restraining respondent from conducting further proceedings in this case shall remain in effect until the clerk of this court issues the remittitur, at which time the stay shall be dissolved.

Woods (A. M.), P. J., and Goertzen, J., concurred.

A petition for a rehearing was denied September 8, 1989, and petitioner's application for review by the Supreme Court was denied November 15, 1989.